## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | | |
|---|---|---|
| **ERICA BRYANT,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **USMD CASE NO.:** 8:24-CV-716 |
| **vs.** | § | |
| | § | Removal from the Circuit Court of |
| **BOARD OF TRUSTEES FOR THE** | § | the Thirteenth Judicial Circuit, in |
| **UNIVERSITY OF SOUTH FLORIDA[1]** | § | and for Hillsborough County, Florida |
| **AND FLORIDA DEPARTMENT OF** | § | |
| **EDUCATION,** | § | State Case No.: **24-CA-000448** |
| | § | |
| *Defendant.* | § | |

_____/

### JOINT NOTICE OF REMOVAL

Defendants, University of South Florida Board of Trustees ("USFBOT") and

Florida Department of Education ("FDOE"), by and through their undersigned

counsel and pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, hereby remove

this action from the Thirteenth Judicial Circuit Court, in and for Hillsborough

County, Florida, to the United States District Court for the Middle District of

Florida, Tampa Division. Defendants' grounds for removal are as follows:

### STATE COURT ACTION

1.      On or about July 12, 2023, Plaintiff filed a Complaint against

Defendants in the Second Judicial Circuit Court, in and for Leon County, Florida

---

[1] Defendant's proper name in the State of Florida is the University of South Florida Board of Trustees.

(hereinafter, Plaintiff's "original Complaint"), commencing the civil action styled *Erica Bryant v. Board of Trustees for the University of South Florida and Florida Department of Education*, Case No. 2023-CA-1866 ("Leon County Action").

2.     Plaintiff's original Complaint contained three (3) Counts, which are summarized below:

    a.   In Count I, Plaintiff claimed that Defendants discriminated against her on the basis of her race, in violation of the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA");

    b.   In Count II, Plaintiff claimed that Defendants retaliated against her for engaging in protected whistleblower activity, in violation of Florida's Public-Sector Whistleblower Act, §112.3187, *et seq.*, Florida Statutes ("PSWA"); and

    c.   In Count III, Plaintiff claimed that Defendants retaliated against her for engaging in protected activity by "report[ing] or oppos[ing] unlawful employment practices," also in violation of the FCRA.

3.     On  December 28, 2023, pursuant to stipulation of the Parties, the Honorable Angela C. Dempsey, Circuit Judge, Second Judicial Circuit, entered an Order Transferring Venue, which instructed the Leon County Clerk of Court to

10924411v1

transfer the case to the Thirteenth Judicial Circuit Court, in and for Hillsborough County, Florida. Such transfer was initiated on January 4, 2024.

4.     On January 18, 2024, the Hillsborough County Clerk of Court issued Notices of Acknowledgment of Receipt to the Parties, advising them that the case had been received from Leon County and assigned to Division I, within the Thirteenth Judicial Circuit Court, in and for Hillsborough County. As such, at the time of filing the instant Joint Notice of Removal, the civil action styled *Erica Bryant v. Board of Trustees for the University of South Florida and Florida Department of Education*, is pending in the Thirteenth Judicial Circuit Court, in and for Hillsborough County, Florida, as Case No. 24-CA-000448 ("State Court Action").

5.     On March 11, 2024, Plaintiff filed an Amended Complaint in the State Court Action, which maintained the state law claims previously asserted in her original Complaint (*see* Paragraph No. 2, *supra*), but also added discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended ("Title VII"). Specifically, in addition to the state law claims described above, Plaintiff's Amended Complaint alleged, for the first time, that Defendants:

    a.   Discriminated against her on the basis of her race, in violation of Title VII (Count II); and

b. Retaliated against her "because she reported unlawful employment practices," also in violation of Title VII (Count III).

6. Pursuant to 28 U.S.C. § 1446(a) and M.D. Fla. L.R. 1.06, Defendants attach as **Exhibit 1** to this Joint Notice of Removal true and correct copies of each paper filed or served in the State Court Action currently pending in the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, along with a copy of the Thirteenth Judicial Circuit's electronic docket sheet for the removed action. Additionally, Defendants attach as **Exhibit 2** to this Joint Notice of Removal true and correct copies of each paper filed or served in the Leon County Action, before the aforementioned transfer to the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida**.**

## TIMELINESS

7. Defendants received electronic service of Plaintiff's Amended Complaint in the State Court Action on March 11, 2024. *See* **Exhibit 1, pp. 142–160**. This Joint Notice of Removal is therefore timely filed, pursuant to 28 U.S.C. § 1446(b)(3).

## JURISDICTION

8. Pursuant to 28 U.S.C. § 1331, this Court has original, federal question jurisdiction over the Title VII claims Plaintiff states in Counts II and III of her Amended Complaint, since those claims purportedly arose "under the

4

Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see also Hill v. BellSouth Telecommunications, Inc.*, 364 F. 3d 1308, 1314 (11th Cir. 2004) (explaining that federal question jurisdiction is proper where a federal question is presented on the face of a plaintiff's complaint).

9.      Pursuant to 28 U.S.C. § 1367(a), supplemental jurisdiction is proper over the state law claims stated in Counts I, II and III of Plaintiff's Amended Complaint, for purported violations of the PSWA, FCRA, and FCRA, respectively, because they are so related to Plaintiff's Title VII claims that they form part of the same case or controversy. As such, removal of Plaintiff's state law claims is proper pursuant to 28 U.S.C. § 1441(c).

## VENUE AND OTHER STATUTORY REQUIREMENTS

10.     Pursuant to 28 U.S.C. § 1391(b) and M.D. Fla. L.R. 1.06(a), venue is appropriate in the United States District Court for the Middle District of Florida, Tampa Division, because the underlying action is being removed from the Thirteenth Judicial Circuit Court, in and for Hillsborough County, Florida.

11.     In accordance with 28 U.S.C. § 1441(a) and M.D. Fla. L.R. 1.04(a), the undersigned certify that they are providing Plaintiff's counsel with written notice of removal and have simultaneously filed a copy of the foregoing Joint Notice of Removal with the Clerk of the Circuit Court for the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida.

10924411v1

DATED this 21st day of March, 2024.


Respectfully submitted,

| | |
|---|---|
| Thompson, Crawford, Brown & Smiley, P.A. | Constangy, Brooks, Smith & Prophete, LLP |
| 1330 Thomasville Road | Post Office Box 41099 |
| Tallahassee, FL 32303 | Jacksonville, Florida 32203 |
| Telephone:   (850) 386-5777 | Telephone:  (904) 356-8900 |
| Facsimile:   (850) 386-8507 | Facsimile:    (904) 356-8200 |

By:  */s/ Thomas R. Thompson*        By:  */s/ Jadie Mims*

Thomas R. Thompson, Esq.      F. Damon Kitchen, Esq.
Florida Bar No. 890596        Florida Bar No. 861634
tom@tcslawfirm.net           dkitchen@constangy.com
Mallory B. Brown, Esq.        Jadie R. Mims, Esq.
Florida Bar No. 124039         Florida Bar No. 1002318
mallory@tcslawfirm.net       jmims@constangy.com

*Attorneys for Defendant, Florida*     *Attorneys for Defendant, University of*
*Department of Education*             *South Florida Board of Trustees*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 21st day of March, 2023, I electronically filed

the foregoing using the CM/ECF system, which will send a Notice of Electronic

Filing to all counsel of record herein.

By:   */s/ Jadie Mims*

F. Damon Kitchen, Esq.
Jadie R. Mims, Esq.

*Attorneys for Defendant, University of*
*South Florida Board of Trustees*

6

10924411v1