# Exhibit 2

MENU

# Leon County Clerk of the Circuit Court and Comptroller
# Court Case Search

Full Case View ⓘ                                                    **Print Page**

| 37 2023 CA 001866 - BRYANT, ERICA vs BOARD OF TRUSTEES FOR THE UNIVERISTY OF SOUTH FLOR |
|---|

| Party Status | Party | Party Code | Attorney | Attorney Status |
|---|---|---|---|---|
| | FLORIDA DEPARTMENT OF EDUCATION , | DEFENDANT | PRO SE | INACTIVE 10/02/2023 |
| | BOARD OF TRUSTEES FOR THE UNIVERISTY OF SOUTH FLOR , | DEFENDANT | PRO SE | INACTIVE 10/02/2023 |
| | FLORIDA DEPARTMENT OF EDUCATION , | DEFENDANT | THOMAS R THOMPSON | ACTIVE |
| | BOARD OF TRUSTEES FOR THE UNIVERISTY OF SOUTH FLOR , | DEFENDANT | FRANK DAMON KITCHEN | ACTIVE |
| | FLORIDA DEPARTMENT OF EDUCATION , | DEFENDANT | MALLORY BENNETT BROWN | ACTIVE |
| | BOARD OF TRUSTEES FOR THE UNIVERISTY OF SOUTH FLOR , | DEFENDANT | JADIE R MIMS | ACTIVE |
| | BRYANT, ERICA | PLAINTIFF | MARIE A MATTOX | ACTIVE |
| | BRYANT, ERICA | PLAINTIFF | BRIAN OSHEA FINNERTY | ACTIVE |

Top of Page

| Action Dscr | Open/Reopen Status | Open/Reopen Date | Disposition | Disposition Date | Judge |
|---|---|---|---|---|---|
| OTHER DISCRIMINATION | CLOS | 7/12/2023 | OTHER | 12/28/2023 11:09:30 AM | DEMPSEY |

Top of Page

| Charge # | Action Code | Description | Plea Date | Plea | Decision Date | Court Action | Charge Disposition | Citation |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

Top of Page

| Judges Appearing on Case | | | |
|---|---|---|---|
| Last Name | First Name | Date Assigned | Source |
| DEMPSEY | ANGELA | 7/18/2023 12:14:44 PM | BM |

Top of Page

| **Viewing Option for Sensitive and Confidential Cases** <br><br> **Non-Viewable images in Court Cases Requiring Clerk Assistances** | e-Certify  |
|---|---|

Docket Table Headers Are Sortable. Click For Ascending, Again For Descending Order
Source Table Abbreviations: BM = Benchmark; JIS = Justice Informations System

| Docket Date | CCISSeqNbr | Docket Code | ECertify | Docket Text | OR Book | OR Page | Source |
|---|---|---|---|---|---|---|---|
| 7/12/2023 | 2 | CCS 📄PDF | ☐ ‹‹-*Req $* | CIVIL COVER SHEET | | | BM |
| 7/12/2023 | 3 | COMP CA 📄PDF | ☐ ‹‹-*Req $* | COMPLAINT | | | BM |

| Date | # | Type | Req $ | Description | Initials |
|---|---|---|---|---|---|
| | | COMP_PDF | ‹‹-*Req $* | | |
| 7/12/2023 | 4 | SUIS PDF | ‹‹-*Req $* | SUMMONS ISSUED | BM |
| 7/12/2023 | 5 | SUIS PDF | ‹‹-*Req $* | SUMMONS ISSUED | BM |
| 7/12/2023 | 6 | SUIS PDF | ‹‹-*Req $* | SUMMONS ISSUED | BM |
| 7/18/2023 | 1 | a002 | | JUDGE DEMPSEY, ANGELA C: ASSIGNED | BM |
| 7/18/2023 | 7 | RECEIPT PDF | ‹‹-*Req $* | PAYMENT $430.00 RECEIPT #1724045 | BM |
| 7/18/2023 | 8 | UOCC PDF | | UNIFORM ORDER FOR ACTIVE, DIFFERENTIAL CIVIL CASE MANAGEMENT E-NOTICED via email on 2023-07-18 | BM |
| 9/26/2023 | 9 | ROSE PDF | ‹‹-*Req $* | RETURN OF SERVICE EXECUTED-THE BOARD OF TRUSTEES FOR THE UNIVERSITY OF SOUTH FLORIDA | BM |
| 10/2/2023 | 10 | MTDM PDF | ‹‹-*Req $* | DEFENDANT FLORIDA DEPARTMENT OF EDUCATIONS MOTION TO DISMISS PLAINTIFFS COMPLAINT | BM |
| 10/2/2023 | 11 | RQPR PDF | ‹‹-*Req $* | DEFENDANTS FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF | BM |
| 10/2/2023 | 12 | NSOI PDF | ‹‹-*Req $* | DEFENDANTS NOTICE OF SERVING INTERROGATORIES TO PLAINTIFF | BM |
| 10/2/2023 | 13 | NAPR PDF | ‹‹-*Req $* | NOTICE OF ADDITIONAL APPEARANCE AND DESIGNATION OF EMAIL ADDRESSES FOR DEFENDANT FLORIDA DEPARTMENT OF EDUCATION | BM |
| 10/2/2023 | 14 | MTDM PDF | ‹‹-*Req $* | DEFENDANTS MOTION TO DISMISS PLAINTIFFS COMPLAINT FOR IMPROPER VENUE, MOTION TO DISMISS COUNT II OF PLAINTIFFS COMPLAINT FOR FAILURE TO STATE A CAUSE OF ACTION, AND SUPPORTING MEMORANDUM OF LAW | BM |
| 10/2/2023 | 15 | MTDM PDF | ‹‹-*Req $* | DEFENDANTS MOTION TO DISMISS COUNTS 1 AND III OF PLAINTIFFS COMPLAINT, AND SUPPORTING MEMORANDUM OF LAW | BM |
| 10/3/2023 | 16 | ANOD PDF | ‹‹-*Req $* | DEFENDANT, FLORIDA DEPARTMENT OF EDUCATIONS AMENDED NOTICE OF TAKING PLAINTIFFS IN-PERSON DEPOSITION | BM |
| 10/3/2023 | 17 | NOH PDF | ‹‹-*Req $* | NOTICE OF VIDEO-CONFERENCE HEARING | BM |
| 10/3/2023 | 19 | ANOH PDF | ‹‹-*Req $* | AMENDED NOTICE OF VIDEO-CONFERENCE HEARING | BM |
| 10/3/2023 | 20 | NOTD PDF | ‹‹-*Req $* | DEFENDANT, FLORIDA DEPARTMENT OF EDUCATIONS NOTICE OF TAKING PLAINTIFFS IN-PERSON DEPOSITION | BM |
| 10/5/2023 | 18 | a120 | | MOTION HEARING SET FOR 12/13/2023 AT 2:30 PM IN ZOOMC, JDG: DEMPSEY, ANGELA C | BM |
| 10/11/2023 | 21 | NSOI PDF | ‹‹-*Req $* | DEFENDANT, UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES NOTICE OF SERVING FIRST SET OF | BM |

| Date | No. | Type | | Description | |
|---|---|---|---|---|---|
| | | | | INTERROGATORIES TO PLAINTIFF | |
| 10/18/2023 | 22 | NOH_PDF | ‹‹-*Req $* | NOTICE OF ZOOM HEARING ON DEFENDANT, UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES, MOTIONS TO DISMISS PLAINTIFFS COMPLAINT, AND SUPPORTING MEMORANDA OF LAW | BM |
| 10/18/2023 | 24 | NOTD_PDF | ‹‹-*Req $* | PLAINTIFFS NOTICE OF TAKING DEPOSITIONS VIA VIDEO-CONFERENCE ZOOM | BM |
| 10/19/2023 | 23 | a120 | | MOTION HEARING SET FOR 12/13/2023 AT 2:45 PM IN ZOOMC, JDG: DEMPSEY, ANGELA C | BM |
| 11/1/2023 | 25 | NOTO_PDF | ‹‹-*Req $* | NOTICE OF SERVICE OF PLAINTIFFS VERIFIED ANSWERS TO DEFENDANTS FIRST SET OF INTERROGATORIES | BM |
| 11/1/2023 | 26 | RDD_PDF | ‹‹-*Req $* | PLAINTIFFS RESPONSE TO DEFENDANTS FIRST REQUEST FOR PRODUCTION OF DOCUMENTS | BM |
| 11/9/2023 | 27 | ROSE_PDF | ‹‹-*Req $* | RETURN OF SERVICE EXECUTED - AGENCY DEPT OF EDUCATION | BM |
| 11/9/2023 | 28 | ROSE_PDF | ‹‹-*Req $* | RETURN OF SERVICE EXECUTED - AGENCY DIV OF RISK MGMT DEPT OF FINANCIAL SERVICES | BM |
| 11/13/2023 | 29 | NAPR_PDF | ‹‹-*Req $* | NOTICE OF APPEARANCE OF BRIAN O FINNERTY AND DESIGNATION OF EMAIL ADDRESSES | BM |
| 11/20/2023 | 30 | NOTO_PDF | ‹‹-*Req $* | NOTICE OF SERVICE OF PLAINTIFFS UNVERIFIED ANSWERS TO DEFENDANT BOARD OF TRUSTEES FOR THE UNIVERSITY OF SOUTH FLORIDAS FIRST SET OF INTERROGATORIES | BM |
| 11/20/2023 | 31 | RDD_PDF | ‹‹-*Req $* | PLAINTIFFS RESPONSE TO DEFENDANTS FIRST REQUEST FOR PRODUCTION | BM |
| 11/21/2023 | 32 | NSOI_PDF | ‹‹-*Req $* | NOTICE OF SERVICE OF PLAINTIFFS VERIFIED ANSWERS TO DEFENDANT BOARD OF TRUSTEES FOR THE UNIVERSITY OF SOUTH FLORIDAS FIRST SET OF INTERROGATORIES | BM |
| 12/4/2023 | 33 | CERT_PDF | ‹‹-*Req $* | DEFENDANT FLORIDA DEPARTMENT OF EDUCATIONS CERTIFICATE OF NON-OBJECTION IN COMPLIANCE WITH FLORIDA RULE OF CIVIL PROCEDURE 1.351 AND REQUEST FOR COPIES TO CO-DEFENDANT BOARD OF TRUSTEES FOR THE UNIVERSITY OF SOUTH FLORIDA | BM |
| 12/28/2023 | 34 | ORTF_PDF | ‹‹-*Req $* | ORDER TRANSFERRING VENUE | BM |
| 12/28/2023 | 38 | NOTO_PDF | ‹‹-*Req $* | PLAINTIFFS NOTICE OF CANCELLATION OF TAKING DEPOSITIONS VIA ZOOM VIDEO-CONFERENCE | BM |
| 12/29/2023 | 35 | LR_PDF | ‹‹-*Req $* | LETTER OF TRANSFER TO HILLSBOROUGH COUNTY | BM |

| 12/29/2023 | 36 | CRR PDF | ☐ ‹‹-*Req $* | CERTIFIED RETURN RECEIPT | BM |
|---|---|---|---|---|---|
| 12/29/2023 | 37 | CT PDF | ☐ ‹‹-*Req $* | CASE TRANSFERRED TO HILLSBOROUGH COUNTY - NO MORE FILINGS IN THS CASE | BM |
| 1/2/2024 | 39 | NOTO PDF | ☐ ‹‹-*Req $* | DEFENDANT FLORIDA DEPARTMENT OF EDUCATIONS NOTICE OF CANCELLATION OF IN-PERSON DEPOSITION OF PLAINTIFF | BM |
| 1/2/2024 | 40 | EMAIL | | EMAIL SENT TO THOMPSON, THOMAS R RE SERVICE OF COURT DOCUMENT – 2023 CA 001866, BRYANT, ERICA VS. BOARD OF TRUSTEES FOR THE UNIVERISTY OF SOUTH FLORIDA WITH 1 ATTACHMENTS: NOTO-1/2/2024 | BM |

Top of Page

| Event | Date | Start | Location | Judge | Result | Source |
|---|---|---|---|---|---|---|
| MOTION HEARING | 12/13/2023 | 2:30 PM | ZOOMC | DEMPSEY | | BM |
| MOTION HEARING | 12/13/2023 | 2:45 PM | ZOOMC | DEMPSEY | | BM |

Top of Page

| Docket Application | Owed | Paid | Dismissed | Due |
|---|---|---|---|---|
| COMPLAINT | $400.00 | $400.00 | $0.00 | $0.00 |
| CIRCUIT CIVIL SUMMONS ISSUED | $10.00 | $10.00 | $0.00 | $0.00 |
| CIRCUIT CIVIL SUMMONS ISSUED | $10.00 | $10.00 | $0.00 | $0.00 |
| CIRCUIT CIVIL SUMMONS ISSUED | $10.00 | $10.00 | $0.00 | $0.00 |

Top of Page

| | | Ar Plan | | |
|---|---|---|---|---|
| Ordered Amt | Paid | Dismissed | Balance | Delinquent |

Top of Page

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.     CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>SECOND</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>LEON</u>   COUNTY, FLORIDA

<u>ERICA BRYANT</u>
Plaintiff

Case # ___<u>2023 CA 001866</u>___

Judge _____

vs.

<u>BOARD OF TRUSTEES FOR THE UNIVERISTY OF SOUTH FLOR, FLORIDA</u>
<u>DEPARTMENT OF EDUCATION</u>
Defendant

**II.     AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

**III.     TYPE OF CASE**     (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**     **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.**     **NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

  <u>1</u>

**VI.**     **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**     **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**     **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.**     **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Marie A Mattox</u>          Fla. Bar # <u>739685</u>
        Attorney or party                 (Bar # if attorney)

<u>Marie A Mattox</u>                   <u>07/12/2023</u>
  (type or print name)              Date

**IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA**

**ERICA BRYANT,**

       **Plaintiff,**

**CASE NO.: 23-CA-**   2023 CA 001866
**FLA BAR NO.: 0739685**

**v.**

**BOARD OF TRUSTEES FOR THE
UNIVERSITY OF SOUTH FLORIDA and
FLORIDA DEPARTMENT OF EDUCATION,**

       **Defendants.**

_____/

**COMPLAINT**

Plaintiff, ERICA BRYANT, hereby sues Defendants, BOARD OF TRUSTEES FOR THE UNIVERSITY OF SOUTH FLORIDA, and FLORIDA DEPARTMENT OF EDUCATION alleges:

**NATURE OF THE ACTION**

1.      This is an action brought under the Florida Civil Rights Act, codified at Chapter 760, Florida Statutes, and the Florida Whistleblower Act codified in Chapter 112, Florida Statutes.

2.      This action involves claims which are, individually, in excess of Fifty Thousand Dollars ($50,000.00), exclusive of costs and interest.

**THE PARTIES**

3.      At all times pertinent hereto, Plaintiff, ERICA BRYANT, has been a resident of the State of Florida and was jointly employed by Defendants. Plaintiff is a member of a protected class due to her race. Plaintiff is a protected whistleblower due to her objecting to and/or refusing to participate in practices of Defendant that were in violation of matters set forth in §112.3187(5),

Florida Statutes. Plaintiff was retaliated against after reporting Defendant's unlawful employment practices.

4.      At all times pertinent hereto, Defendant, BOARD OF TRUSTEES OF THE UNIVERSITY OF SOUTH FLORIDA, has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims and she was jointly employed with the Florida Department of Education.

5.      At all times pertinent hereto, Defendant, FLORIDA DEPARTMENT OF EDUCATION, has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims and she was jointly employed with the Board of Trustees of the University of South Florida.

## CONDITIONS PRECEDENT

6.      Plaintiff has satisfied all conditions precedent to bringing this action.

## STATEMENT OF THE ULTIMATE FACTS

7.      Plaintiff, an African American female and protected whistleblower, began her employment with Defendants[1] on or about February 18, 2022, and held the position of Federal Program Specialist at the time of her wrongful termination on June 21, 2022.

8.      Despite her stellar work performance during her employment with Defendant, Plaintiff was subjected to disparate treatment, different terms and conditions of employment, and held to a different standard because of her race, and because she reported Defendant's unlawful employment activities and was subjected to retaliation thereafter.

---

[1] Reference to the term "Defendant" refers to both Defendants.

2

9.      The disparate treatment and retaliation came at the hands of specifically but not limited to Assistant to Vice Chancellor Amanda Meeks, a white female; Acting Title I Pt. A (TIPA) Director Matthew Wiley, a white male; and Acting Bureau of Federal Educations of Programs ("BFEP") Chief Dinh Nguyen, a non-Black person of color.

10.     Plaintiff was only employed with Defendant for a few months, but within that time she was awarded "employee of the month" within her first month of employment because of her exemplary service. Notably, Casey Graham, another high level employee of the Defendant, informed Plaintiff that she would have again received this award during her second month of employment. Plaintiff did not receive any reprimands during this time and was not allowed the opportunity to receive an evaluation, as Nguyen and Wiley informed her that she had not been employed long enough to receive one. Nonetheless, Plaintiff completed her job duties without error.

11.     During her employment, Plaintiff was subjected to disparate treatment due to her race. Examples include but are not limited to: Plaintiff being publicly and commonly reprimanded for Nguyen's misunderstandings and Plaintiff being denied the opportunity to work from home, whereas white employees such as Casey Graham and Meeks were allowed this privilege. In fact, Meeks specifically denied Plaintiff's legitimate request. Also, Plaintiff was forced to train new hires without herself having proper training, despite supervisors having minimal responsibilities and enough time to conduct said training. This resulted in additional work for Plaintiff and increased her work duties. Regardless, Plaintiff continued to conduct work without error.

12.      Contrary to the treatment Plaintiff received, white and some non-black employees of color received favorable treatment from Wiley and were continually prioritized over Plaintiff.

13.     Furthermore, Plaintiff witnessed African American employees be reprimanded and/or subjected to a hostile work environment. An example includes but is not limited to: Calah Smith, who was hired a week before Plaintiff and fired soon thereafter for discussing a supervisor's comments regarding Defendant's work from home policy relating to her serious medical condition. Additionally, at least nine non-white females were forced into resignation or fired during Plaintiff's employment. Each employee cited the hostile work environment as the catalyst for their consecutive departures.

14.     Another example includes Program Specialist Jacqueline Hill, an African American female, who was purposely excluded from team meetings and trainings which provided relevant information to her job duties. Georgina Portillo, an Afro-Latina female, confirmed this targeted exclusion. Plaintiff would later experience this ostracizing behavior, in which later hired white employees, such as Alyssa Tovar, a Hispanic employee, received work ahead of Plaintiff and put Plaintiff at a disadvantage. Plaintiff later learned that Wiley and Nguyen had been taking advantage of Tovar's work time, assigning her non-related work tasks which impeded on her normal job duties.

15.     Similar to Plaintiff's exposure to disparate treatment relating to her race, Tovar was appointed as translator for Spanish content, without her approval and at least due in part to her Hispanic origin. Nguyen initiated this appointment and announced it at an employee meeting. Unbeknownst to Tovar, she had to be certified to be a translator and by not having this certification, she would be liable for any mistranslations. Once becoming aware of this information, Tovar protested this title and thereafter experienced ostracizing and retaliatory behavior from Nguyen who stated, "If I don't like you, I will not address or speak to you."

4

16.     During Plaintiff's employment, she witnessed Wiley falsely state that African American employees such as Calah Smith and Jaqueline Hill left employment with Defendant due to low job performance. Plaintiff knew this to be untrue and protested these statements.

17.     Plaintiff also witnessed Former Interim TIPA Director Shonda Goldsmith,  an African American female, being treated unfairly due to her race, which prohibited her from being chosen for a position left vacant for over a year. Goldsmith was wrongfully informed that the master's degree she currently had was not the correct one for the position she was applying for whereas Wiley held a comparable position and did not have a master's degree at all.

18.     On one occasion, Nguyen informed Plaintiff that he wanted the Bureau Chief position, and further advised Plaintiff to do as she was told so that she could secure a permanent position with Defendant, as "everyone" he recommends gets hired.

19.     On or about March 2022, the former Bureau Chief Michelle Gaines, an African American female, left her employment with Defendant.  Thereafter, Plaintiff observed a decline in positive or friendly interactions within the workspace. During this time, Meeks made contradicting statements insinuating that she does not know what she is doing (pertaining to her job responsibilities), and that she does not have the authority to give clear directives or guidance but would blatantly state that she "knows enough to be dangerous" multiple times. Plaintiff understood these statements to be intimidating, as Meeks' position was created by former Vice Chancellor Melissa Ramsey, a white female, and believed this to be a demonstration of active and open quid pro quo.

20.     Furthermore, Meeks held one of six positions which were not legitimate hires, meaning that the individuals did not have the proper education, experience, or knowledge which would normally be required. Notably, each of these six unqualified position holders were non-

Black. Additionally, Meeks would place her "friends and associates" into key roles that qualified professionals were not considered for.

21.     On or about March 30, 2022, Meeks began to make orders which were later reversed by the new Chancellor and Vice Chancellor. Specifically, Meeks ordered the flagging of any LEA district Amendments that mentioned what was perceived as Critical Race Theory (CRT) in their curriculum or Social Emotional Learning. Meeks mentioned that she would not approve any amendments with those listed or mentioned in their amendments. This was done without statute or policy to support her denials, and this resulted in some districts being negatively affected by her actions without an explanation.

22.     Wiley flagged anything that spoke about equality or inequality in America, stating that he was the "guru" for CRT and that upper management comes to him for expertise on the matter. Additionally, Wiley made insensitive comments regarding race, such as going to Casey Graham, a white female, for his" go-to for Black culture" because she is married to a Black man. This is despite Defendant employing several Black women. Wiley also informed new hires, including Plaintiff, that he was looking to see which employee would compete to be his favorite. Thereafter, Wiley began meeting with Casey Graham, Nguyen, USF Liaison Matthew Caldwell, Director Janet Capps, and Meeks, with rumors that Meeks was grooming himself and Graham for TIPA leadership roles, which eventually occurred.

23.     In or around April 2022, Nguyen began speaking to Plaintiff in an unpleasant tone, accusing her of not working and being late to work.

24.     Following her denial to telework, on or about May 2022, Plaintiff requested a written explanation, then followed up with a request for a meeting with USF Vice Chancellor Margaret Aune and Nguyen to further discuss the circumstances behind Plaintiff's request to

telework and possible alternative options. During this meeting, Aune commended Plaintiff for her passion for working with children and families. Plaintiff was later approved for Flex-time as an accommodation. Thereafter, Plaintiff observed Meeks and Nguyen being cc'd on emails sent to Plaintiff. Additionally, Meeks began displaying passive aggression during meetings and other interactions in which she would stare at Plaintiff in an attempt to gain her attention and intimidate her through facial expressions. Also, Nguyen started micromanaging Plaintiff and watching her as she worked, presumably to find evidence for reprimand and discipline.

25.     Following, Plaintiff was granted teleworking privileges after she sought approval from Aune.

26.     Sometime later, the Bureau of Federal Education Programs ("BFEP") was conducting a Federal Audit by the USDOE. Correspondingly, Nguyen and Wiley were pressuring new hires, including Plaintiff, to sign off on PSES documentation, as well as other reports, despite these new employees not being employed at the time the reports were written. Capps was in charge of collecting and ensuring the district's PSES data was accurate.

27.     The PSES document is very technical and difficult to understand. Only experienced professionals should conduct approval and review for this document, as the USDOE may audit the districts outlined in the case of funds being mishandled. The employee who approves this information will be held directly responsible for any inaccuracies.

28.     Plaintiff was out of work from May 31, 2022, to June 3, 2022, and provided a doctor's note as an excused absence.

29.     On June 8, 2022, Capps sent an email to Wiley, advising that Plaintiff needed to complete documentation for the PSES which she was not properly trained to review and did not understand, information known to Defendant. Plaintiff responded in writing that she could not sign

7

nor take responsibility for the approval of that information. In response, Wiley scheduled a meeting between himself, Caps, and Plaintiff.

30.     Again, on June 14, 2022, Capps sent a follow-up email to Wiley, insisting that Plaintiff complete documentation for the PSES, which Plaintiff again protested. Correspondingly, Wiley scheduled a second meeting for the following day, which then included the addition of Nyugen.

31.     On June 15, 2022, during the meeting initiated by Defendant, Plaintiff reported her concerns relating to supervisors pressuring her into signing documents that she was not qualified to sign.

32.     Immediately following the scheduled meeting for that day, Wiley approached Plaintiff's desk attempting to initiate small talk. Plaintiff then informed Wiley that he should leave her alone, because she "can't in good conscience put her (Plaintiff) name and approval to a federal document that I don't understand or agree with." Wiley responded, "this is why we are meeting with Janet Capps." Plaintiff then reiterated that the previously arranged meetings did not provide her with any clarity and any subsequent meetings would also be useless. After Wiley mentioned that Nguyen was present at the meeting, Plaintiff asked why the other new hires were not included, in which Wiley responded "No, they don't need to be in there. This isn't that type of meeting, and we shouldn't be having this discussion here. (Plaintiff's workspace)." Plaintiff was then instructed that she needed to do her job.

33.     The conversation proceeded with Plaintiff reminding Wiley that he previously informed her "not to review applications without reviewing and approving the PSES document" further stating that she completed all of her application reviews which Wiley approved.

34.     Following this conversation, Plaintiff requested a neutral party of her choosing to be included in the next meeting.  Plaintiff then initiated contact with Data Specialist Valarie Henry, an African American female, who she asked to sit in as her advocate at the meeting. Upon seeing this, Wilson ran into the conference room and then shortly after ran to Plaintiff to state that the meeting would be rescheduled.

35.     Despite Wiley's assurances that he had completed the PSES documentation for the previous year, Wiley did not validate his claim by proving that he understood the information within the documentation. Plaintiff later learned that Wiley never completed the review of the PSES document.

36.     Employees including Hill, Valerie Henry, and Shonda Goldsmith, all African American females, confirmed that Wiley and Casey Graham did not complete the PSES review as they did not understand it. Notably, Henry was purposely excluded from pertinent meetings regarding PSES and other data subject meetings, despite having the best working knowledge of PSES and data knowledge. Henry advised on multiple occasions not to have the new hires attempt to complete and approve the PSES. Moreover, Miley, Graham, and other employees from management asked Henry to train them on PSES, due to them not knowing the information and still wanting to train new hires. In fact, when training proved to be too difficult, Wiley stated that he will "just have the new hires do it" in reference to James Glover, Calah Smith, Alyssa Tovar, and Plaintiff, all new hire employees.

37.     On June 16, 2022, Wiley was late arriving to work and missed a previously scheduled meeting. This behavior was typical for Wiley, however he went unreprimanded, whereas African American employees would be disciplined for doing this.

38.     Later that day, Plaintiff witnessed Caldwell, the USF Liaison, actively looking into her cubicle. Prior to this incident, Plaintiff never had any meaningful interactions with Caldwell and felt that this observation was a specific and targeted event.

39.     On or about June 21, 2022, Plaintiff observed Nguyen being noticeably friendly to her and perceived this as being strange. Thereafter, and upon returning to her desk from an impromptu meeting, Plaintiff was approached by Chief of Security Dan Saunders, a white male, who was accompanied by the Captain of Security FNU, an African American female. Saunders ordered Plaintiff to shut down her computer, without much reasoning, as she was being fired.

40.     During this encounter, Saunders stepped closely to Plaintiff as she began to retrieve her personal items which were not owned by Defendant, later insisting that he walk Plaintiff to her car. Plaintiff consistently denied these offers and eventually found a friendly and unbiased colleague to assist her in bringing her belongings to her car. Plaintiff was wrongfully terminated days after renewing her employment contract. Plaintiff was first told that this abrupt change in position was due to Plaintiff's recent poor work ethic, but that there was "no cause" and she could be considered for re-employment. Plaintiff contends that the real reason she was terminated was not legitimate and used as a cover-up for race discrimination, retaliation against Plaintiff for her reporting of race discrimination and for participating in whistleblowing activities.

41.     Former employee Calah Smith was not escorted off of the premises in the same manner as Plaintiff, so clearly, Plaintiff's participation in a whistle blowing activity was at least in part a contributing factor to the treatment she received on the day she was terminated. Additionally, Plaintiff was specifically named in Calah Smith's lawsuit versus Defendant.

42.     In fact, Capps confirmed that Plaintiff was doing such a great job, and that "it was as if you (Plaintiff) were made for the position."

43.     Shortly before her termination, Plaintiff attempted to take a pay decrease for a separate position outside of her former department, with employee Dr. Hilal Peker who was interesting in having Plaintiff work for him and provided a recommendation. Regrettably, Plaintiff's application was not considered, despite assurances that she would be reappointed. Based on information and belief, Nyugen was at least in part responsible for this.

44.     In the days that followed her termination, Plaintiff emailed Aune outlining many of the abovementioned instances of discrimination and retaliation, in addition to pointing out Aune's lack of corrective action. Regrettably, Plaintiff never received a response from Aune.

45.     Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services.  Defendant should be made to pay said fee under the laws referenced above.

**COUNT I**
**RACE DISCRIMINATION**

46.     Paragraphs 1 through 45 are realleged and incorporated herein by reference.

47.     This is an action against Defendant for discrimination based upon race brought under Chapter 760, Florida Statutes.

29.     Plaintiff has been the victim of discrimination on the basis of Plaintiff's race in that Plaintiff was treated differently than similarly situated employees of Defendants who are white and has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff's race.

30.     Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.   Furthermore,

11

Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

31.     Defendant's known allowance and ratification of these actions and inactions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

32.     In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a race-based nature and in violation of the laws set forth herein.

33.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.  The events set forth herein lead, at least in part, to Plaintiff's termination on contrived allegations.

34.     Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race in violation of Chapter 760, Florida Statutes.

35.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to injunctive/equitable relief.

## COUNT II
## PUBLIC WHISTLEBLOWER RETALIATION

36.     Paragraphs 1 through 45 above are incorporated herein by reference.

37.     This count sets forth a claim against Defendant under §112.3187, et seq., Florida Statutes.

38.     Plaintiff was a public employee protected under the provisions of Chapter 112, Florida Statutes.

39.     As stated more specifically in part above, Plaintiff reported and disclosed violations of rules, regulations and laws, and/or malfeasance, misfeasance and/or gross misconduct to persons both inside and outside of her normal chain of command, and to others having the authority to investigate, police, manage and otherwise remedy the violations of rules, regulations and laws that she reported. Plaintiff also disclosed this information when she participated in investigations, hearings, or other agency inquiries. Plaintiff reported malfeasance, misfeasance, and other acts specifically outlined in §112.3187(5), Florida Statutes.

40.     After reporting these matters and/or participating in investigations, hearings, or other agency inquiries, as related in part above, Plaintiff was the victim of retaliatory actions set forth in part above including without limitation her termination.

41.     Plaintiff's termination and not being hired into another department with Defendant was causally related to reporting violations of rules, regulations or laws, and/or her reporting malfeasance, misfeasance or gross misconduct, and/or her participating in investigations, hearings or other inquiries, specified in part above.

42.     The actions of all employees within Defendant who affected Plaintiff's employment adversely did so at least in part in retaliation against her for her "whistleblowing" activities.

43.     As a direct and proximate result of the actions taken against her by Defendant, Plaintiff has suffered injury, including but not limited to past and future wage losses, loss of benefits, emotional pain and suffering, loss of the capacity for the enjoyment of life and other

13

tangible and intangible damages.  These damages have occurred in the past, are occurring at present and will occur in the future.  Plaintiff is entitled to injunctive relief.

**COUNT III**
**RETALIATION – Chapter 760**

54.     Paragraphs 1 through 45 are realleged and incorporated herein by reference.

55.     Defendant is an employer as that term is used under the applicable statutes referenced above.

56.     The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported or opposed unlawful employment practices adversely affecting her under Chapter 760, Florida Statutes.

63.     The foregoing unlawful actions by Defendant were purposeful.

64.     Plaintiff voiced opposition to unlawful employment practices during her employment with Defendant and was the victim of retaliation thereafter, as related in part above.

65.     Plaintiff is a member of a protected class because she reported unlawful employment practices and was the victim of retaliation thereafter.  There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

44.     As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.  These damages are continuing and are permanent.  Plaintiff is entitled to injunctive relief.

**PRAYER FOR RELIEF**

14

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a)     that process issue and this Court take jurisdiction over this case;

(b)     that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)     enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)     enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e)     enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f)     award Plaintiff interest where appropriate; and

(g)     grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## **<u>DEMAND FOR TRIAL BY JURY</u>**

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 12th day of July 2023

Respectfully submitted,


/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone:  (850) 383-4800
Facsimile:   (850) 383-4801
Marie@mattoxlaw.com
Secondary emails:
marlene@mattoxlaw.com
michelle@mattoxlaw.com

ATTORNEYS FOR PLAINTIFF

Filing # 177501172 E-Filed 07/12/2023 10:56:13 PM

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA

ERICA BRYANT,

      CASE NO.: 23-CA-    2023 CA 001866
      FLA BAR NO.: 0739685

      **Plaintiff,**

v.

**BOARD OF TRUSTEES FOR THE
UNIVERSITY OF SOUTH FLORIDA and
FLORIDA DEPARTMENT OF EDUCATION,**

                                      **SUMMONS**

      **Defendants.**
_____/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

      **BOARD OF TRUSTEES FOR THE
      UNIVERSITY OF SOUTH FLORIDA
      c/o WILLIAM WEATHERFORD – CHAIR
      4202 E. FOWLER AVENUE, CGS301
      TAMPA, FL 33620**

      Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

      DATED on _____, 2023.

                       CLERK OF THE CIRCUIT COURT

                       By: _Ashley O'Donnell_____ | 07/18/2023

Filing # 177301172 E-Filed 07/12/2023 10:36:13 PM

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA

**ERICA BRYANT,**

  **Plaintiff,**

CASE NO.: 23 CA-  2023 CA 001866
FLA BAR NO.: 0739685

v.

**BOARD OF TRUSTEES FOR THE
UNIVERSITY OF SOUTH FLORIDA and**

**FLORIDA DEPARTMENT OF EDUCATION,**

      **SUMMONS**

  **Defendants.**

_____/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

   YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

   **FLORIDA DEPARTMENT OF EDUCATION
c/o Manny Diaz, Jr., Commissioner
Turlington Building, Suite 1514
325 West Gaines Street
Tallahassee, FL 32399-0400**

   Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter.  If a defendant fails to do so,  a default will be entered against that defendant for the relief demanded in the complaint or petition.

   DATED on_____, 2023.



CLERK OF THE CIRCUIT COURT

By:_____  | 07/18/2023

Case 8:24-cv-00716-JSM-UAM   Document 1-2   Filed 03/21/24   Page 27 of 128 PageID 197

**IN THE CIRCUIT COURT OF THE**
**SECOND JUDICIAL CIRCUIT, IN AND**
**FOR LEON COUNTY, FLORIDA**

**ERICA BRYANT,**

      **Plaintiff,**

v.

**BOARD OF TRUSTEES FOR THE**
**UNIVERSITY OF SOUTH FLORIDA and**
**FLORIDA DEPARTMENT OF EDUCATION,**

      **Defendants.**

_____/

**CASE NO.: 23-CA-**     2023 CA 001866
**FLA BAR NO.: 0739685**

**SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

      **DIVISION OF RISK MANAGEMENT**
      **Department of Financial Services**
      **200 East Gaines Street**
      **Tallahassee, FL 32399**

      Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

      DATED on _____, 2023.



CLERK OF THE CIRCUIT COURT

By: _Ashley O'Donnell_ | 07/18/2023
      _____



# LEON COUNTY Receipt of Transaction
## Receipt #    1724045

GWEN MARSHALL
Clerk of Court and Comptroller
LEON COUNTY, FLORIDA

**Received From:**
Marie A Mattox

,

**On Behalf Of:**

On: 7/18/2023  12:14:58PM
Transaction # 101004957
Cashiered by: A ODONNELL

,

| CaseNumber   2023 CA 001866 |
|---|

**Judge**   ANGELA C DEMPSEY

**ERICA BRYANT  *VS*  BOARD OF TRUSTEES FOR THE UNIVERISTY OF SOUTH FLOR**

Comments:

| Fee Description | Fee | Prior Paid | Waived | Due | Paid | Balance |
|---|---|---|---|---|---|---|
| (COMP_CA) COMPLAINT | 400.00 | 0.00 | 0.00 | 400.00 | 400.00 | 0.00 |
| (CASUIS) CIRCUIT CIVIL SUMMONS ISSUED | 10.00 | 0.00 | 0.00 | 10.00 | 10.00 | 0.00 |
| (CASUIS) CIRCUIT CIVIL SUMMONS ISSUED | 10.00 | 0.00 | 0.00 | 10.00 | 10.00 | 0.00 |
| (CASUIS) CIRCUIT CIVIL SUMMONS ISSUED | 10.00 | 0.00 | 0.00 | 10.00 | 10.00 | 0.00 |
| **Total:** | **430.00** | **0.00** | **0.00** | **430.00** | **430.00** | **0.00** |

| | | | | | | |
|---|---|---|---|---|---|---|
| **Grand Total:** | **430.00** | **0.00** | **0.00** | **430.00** | **430.00** | **0.00** |

| PAYMENTS |
|---|

| Payment Type | Reference | | Amount | Refund | Overage | Change | Net Amount |
|---|---|---|---|---|---|---|---|
| CREDIT CARD EFILE | 177301172 | OK | 430.00 | 0.00 | 0.00 | 0.00 | 430.00 |
| | | **Payments Total:** | **430.00** | **0.00** | **0.00** | **0.00** | **430.00** |

IN THE SECOND JUDICIAL CIRCUIT IN AND FOR LEON COUNTY, FLORIDA

**ERICA BRYANT**

     Plaintiff

vs                                               CASE NO.: 2023 CA 001866

**BOARD OF TRUSTEES FOR THE UNIVERISTY OF SOUTH FLORIDA**

     Defendant

_____/

## <u>UNIFORM ORDER FOR ACTIVE, DIFFERENTIAL CIVIL CASE MANAGEMENT</u>

In compliance with Florida Supreme Court directives on active, differential civil case management established in Supreme Court Administrative Order AOSC20-23, Amendment 12, and Second Judicial Circuit Administrative Order 21 - 04, all parties in the above-styled cause are bound by this Case Management Order.

**Plaintiff shall serve this order on all parties with service of the original complaint. Strict enforcement is required unless good cause is shown for an exception or as otherwise required by law.**

## I. PROJECTED TRIAL DATE

All COUNTY COURT Civil cases are designated STREAMLINED CASES with a projected trial date of 360 days from the date of filing of the complaint.

All CIRCUIT COURT Civil cases for which the complaint does not demand trial by jury are designated STREAMLINED CASES with a projected trial date of 360 days from the date of filing of the complaint.

All CIRCUIT COURT Civil cases for which the complaint demands trial by jury are GENERAL CASES with a projected trial date of 540 days from the date of filing of the complaint.

A change in the above designations may be made by the presiding judge on the judge's own initiative or upon motion of any party. Should any party assert that a civil case should be treated other than designated above, such party shall file a written motion requesting such change and the motion shall be expeditiously resolved by the

presiding Judge.

## II. Notice that Cause is at Issue and Firm Trial Date

The parties must file a Joint Notice that the Cause is at Issue no later than 15 days after the pleadings are closed. In the event of a dispute, either party may file a motion and request a hearing to determine if the cause is at issue.

Upon joint notice or judicial determination that the cause is at issue, the Court will schedule a Firm Trial Date consistent with the Projected Trial Date above unless either party requests a different date in their Notice that the Cause is at Issue. Should either party request a Firm Trial Date different than the Projected Trial Date, the Plaintiff shall expeditiously set a case management conference to determine the Firm Trial Date.

## III. Mandatory Deadlines for Streamlined Cases

If this case is designated as a STREAMLINED CASE, the following deadlines shall apply and, by directive of the Florida Supreme Court, must be strictly enforced unless good cause is shown for an exception or as otherwise required by law:

> 120 days after filing: Service of Complaints
> 150 days after filing: Service under any Extension of Time
> 180 days after filing: Adding New Parties
> 210 days after filing: Resolution of Objections to Pleadings and Motions to Dismiss
> 270 days after filing: Completion of Fact and Expert Discovery
> 270 days after filing: Resolution of Pretrial Motions, including Motions for Summary Judgment

## IV. Mandatory Deadlines for General Cases

If this case is designated as a GENERAL CASE, the following deadlines shall apply and, by directive of the Florida Supreme Court, must be strictly enforced unless good cause is shown for an exception or as otherwise required by law:

> 120 days after filing: Service of Complaints
> 180 days after filing: Service under any Extension of Time
> 210 days after filing: Adding New Parties
> 270 days after filing: Resolution of Objections to Pleadings and Motions to Dismiss
> 400 days after filing: Completion of Fact and Expert Discovery
> 450 days after filing: Resolution of Pretrial Motions, including Motions for Summary Judgment

**V. Mediation**

All parties must mediate unless excused by court order for good cause shown or as otherwise required by law and in compliance with Rules of Civil Procedure 1.700 - 1.730.

**VI. Noncompliance**

**By Order of the Florida Supreme Court, strict, good faith compliance with this Uniform Order for Active, Differential Civil Case Management is required unless good cause is shown for an exception or as otherwise required by law. These procedures and time standards do not supplant any existing rule, statute, or law.**

**Failure to appear at the pretrial conference or failure to comply with the terms of this order may result in such sanctions as are just and lawful including: an immediate ex parte hearing and entry of final judgment of default or dismissal, limitation of witnesses or other evidence, striking of claims or defenses, or imposition of attorney fees or costs.**

**VII. Hearings by Audio-Video Technology**

During the COVID-19 Public Health Emergency, all hearings other than jury selection and trial shall be conducted consistent with Florida Supreme Court andSecond Circuit Administrative Order by audio-video technology. Each judge isresponsible to establish the process for such audio-video technology hearings bynotice of hearing including technology access.After the conclusion of the COVID-19 Public Health Emergency all hearings otherthan jury selection and trial may be conducted by audio-video technology. Eachjudge is responsible to establish the process for such audio-video technologyhearings by notice of hearing including technology access.

Tuesday, July 18, 2023

ANGELA C DEMPSEY CIRCUIT JUDGE

ANGELA C DEMPSEY
Circuit Judge

## SUPPLEMENT TO CIVIL CASE MANAGEMENT ORDER

If, at the time the Uniform Order For Active Differential Civil Case Management ("Order") is filed, service on the Defendant(s) has already been made or process provided to a process server, the Plaintiff may comply with the second (in bold) paragraph of the Order by promptly providing a copy of the Order to the Defendant(s) by U.S. Mail or by Electronic Mail. The Plaintiff shall then file a certificate of service documenting that this Order has been provided to the Defendant(s) in this manner.

# VERIFIED RETURN OF SERVICE

Job # T233209

**Client Info:**

MARIE MATTOX, PA
MARIE MATTOX
203 NORTH GADSDEN STREET
Tallahassee, FL 32301

**Case Info:**

**PLAINTIFF:**                                                                                    CIRCUIT COURT
ERICA BRYANT
    -versus-                                                                              County of Leon, Florida
**DEFENDANT:**                                                                       Court Case # **2023 CA 001866**
BOARD OF TRUSTEES FOR THE UNIVERSITY OF SOUTH FLORIDA;
ET AL.

**Service Info:**

**Date Received: 9/11/2023** at **11:21 AM**
**Service:** I Served **BOARD OF TRUSTEES FOR THE UNIVERSITY OF SOUTH FLORIDA C/O WILLIAM WEATHERFORD -
CHAIR**
With: **SUMMONS; COMPLAINT; UNIFORM ORDER FOR ACTIVE, DIFFERENTIAL CIVIL CASE MANAGEMENT;
SUPPLEMENT TO CIVIL CASE MANAGEMENT ORDER**
by leaving with **Jennifer Gilmore, AUTHORIZED TO ACCEPT**

**At Business 4202 E. FOWLER AVE, CGS301 TAMPA, FL 33620**
Latitude: **28.055359**,   Longitude: **-82.408334**

On **9/12/2023** at **11:43 AM**
**Manner of Service: GOVERNMENT AGENCY/BOARD**
PUBLIC AGENCY SERVICE: F.S. 48.111 (1)(a)(b)(c) (2) (3) SERVER CONFIRMS THAT HE/SHE HAS ACKNOWLEDGED THE
FOLLOWING: (1) Process against any municipal corporation, agency, board, or commission, department, or subdivision of the state or
any county which has a governing board, council, or commission or which is a body corporate shall be served: (a) On the president,
mayor, chair, or other head thereof; and in his or her absence; (b) On the vice president, vice mayor, or vice chair, or in the absence
of all of the above; (c) On any member of the governing board, council, or commission. IN THE ABSENCE OF ALL OF THE ABOVE,
THE AFOREMENTIONED INDIVIDUAL HAS STATED THAT THEY ARE AUTHORIZED TO ACCEPT ON BEHALF OF SUBJECT.

I **Tevitt Givens** acknowledge that I am 18 years or older, authorized to serve process, in good standing in the jurisdiction wherein
the process was served, and I have no interest in the above action. Under penalties of perjury, I declare that I have read the
foregoing document and that the facts stated in it are true.

Signature of Server: _____
**Tevitt Givens**
Lic # **CPS 12-681841**
**ACCURATE SERVE OF TALLAHASSEE**
400 CAPITAL CIRCLE SE STE 18291
Tallahassee, FL 32301
Phone: (850) 519-5494

Our Job # **T233209**   Client Ref # **ERICA BRYANT**




1 of 1

Filing # 183021589 E-Filed 10/02/2023 01:42:37 PM

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT IN AND
FOR LEON COUNTY, FLORIDA

ERICA BRYANT,                                    CASE NO.: 2023-CA-001866

      Plaintiff,

v.

BOARD OF TRUSTEES FOR
THE UNIVERSITY OF SOUTH
FLORIDA and FLORIDA
DEPARTMENT OF EDUCATION,

      Defendant.

_____/

### DEFENDANT FLORIDA DEPARTMENT OF EDUCATION'S
### MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant, FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES (hereinafter the "Department" or "DOE"), by and through undersigned counsel, hereby requests this Court to dismiss Plaintiff's Complaint as the Plaintiff has failed to state a cause of action. As such, Defendant DOE is entitled to the entry of judgment in its favor. Plaintiff attempts to state claims against the Department for race discrimination, whistleblower retaliation and retaliation.

This complaint is a shotgun pleading which "commits the sin of not separating into a different count each cause of action or claim for relief."  Weiland v Palm Beach Cty. Sheriff's Office 792 F. 3d 1313, 1323  (11th Cir. 2015).  There is no effort to give each defendant adequate notice of the particular facts claimed against them and the grounds for relief sought. The allegations also fail to comply with the pleading requirements of Florida Rule of Civil Procedure 1.110(f).

In Count I, Plaintiff claims that she was discriminated against because of her race. She does not specify which defendant this claim is against, but Defendant DOE is responding in an abundance of caution. Title VII provides that "[i]t shall be an unlawful employment practice for

1

an employer . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. 2000e2(a)(1). The analysis that governs Title VII actions is the same analysis that governs Section 760, Florida Statutes, Florida Civil Rights Act claims.  *See* <u>Albra v. Advan. Inc</u>., 490 F. 3d 826, 834 (11th Cir. 2007). "[A] long-standing rule of statutory construction in Florida recognizes that if a state law is patterned after a federal law on the same subject, the Florida law will be accorded the same construction as given to the federal action in the federal courts." <u>State v. Jackson</u>, 650 So. 2d 24, 27 (Fla. 1995). Further, "'[t]he FCRA is patterned after Title VII' and that 'federal case law on Title VII applies to FCRA claims.'" <u>Guess v. City of Miramar</u>, 889 So. 2d 840, 849 n. 2 (Fla. 4th DCA 2004).

To establish a *prima facie* case of discrimination, a plaintiff must show that (1) she was a member of a protected class; (2) she was qualified to perform her job; (3) she was subjected to an adverse employment action; and (4) defendant treated similarly situated employees outside of plaintiff's class more favorably. <u>Lubetsky v. Applied Card Systems, Inc.</u>, 296 F.3d 1301, 1305-06 (11th Cir. 2002).

It should first be noted that Plaintiff fails to make any specific allegations of any actions taken by Defendant DOE and instead lumps both defendants together. This is improper as Defendant DOE is unsure which allegations it must respond to. Further, in the Complaint, Plaintiff has failed to sufficiently allege that she was qualified to perform her job or provide a similarly situated employee outside of Plaintiff's race who was treated more favorably. In fact, Plaintiff alleges in the Complaint that she was terminated due to poor work ethic. (Complaint ¶ 40). Plaintiff's race discrimination claim is facially insufficient and must be dismissed.

In Count II of the Complaint, Plaintiff brings a claim of public employee whistleblower retaliation in violation of Section 112.3187, *et seq*., Fla. Stats. Again, Plaintiff does not specify which defendant this claim is against, but Defendant DOE is responding in an abundance of caution. Plaintiff has failed to allege sufficient facts to establish a claim of public employee whistleblower retaliation. A retaliation claim under the Whistleblower Act requires a Plaintiff to allege that she engaged in a statutorily protected activity, that she suffered an adverse employment action, and that a causal connection exists between the protected activity and the adverse action. Dep't of Transp. v. Fla. Comm'n on Human Relations, 842 So. 2d 253, 255 (Fla. 1st DCA 2003).

Plaintiff failed to allege that she engaged in protected activity. In the Complaint, Plaintiff alleges that she complained to her supervisors about completing paperwork that she did not feel she was qualified to complete or sign. (Complaint ¶ 31). This is not a protected activity under Section 112.3187(5) as there was no disclosure of a violation of law, gross mismanagement, malfeasance, misfeasance, or waste of public funds. Plaintiff has failed to allege that she participated in a protected activity and the claim must be dismissed. Further, Plaintiff has failed to allege a causal connection between any disclosure and her contract not being extended. Instead, the Complaint alleges that Plaintiff was terminated due to poor work ethic. (Complaint ¶ 40). Plaintiff's allegations of whistleblower retaliation and insufficient and her claim must be dismissed.

Lastly, like discrimination claims, the Title VII analysis is also used in retaliation claims as it is part of Chapter 760 of the Florida Statutes. Again, Plaintiff does not specify which defendant this claim is against, but Defendant DOE is responding in an abundance of caution. A *prima facie* case of retaliation is established where a plaintiff can show: (1) she engaged in statutorily protected conduct; (2) she suffered an adverse employment action; and (3) there is a

causal connection between the protected conduct and the adverse employment action.  *See* <u>Bass v. Board of County Comm'rs</u>, 256 F.3d 1095 (11th Cir. 2001).  As discussed previously, Plaintiff has failed to allege any protected conduct. She has also failed to relate any protected conduct to her contract not being extended. Plaintiff's retaliation claim must fail.

WHEREFORE, Defendant DOE requests that this Court dismiss Plaintiff's Complaint in its entirety, with prejudice.

DATED this 2nd day of October, 2023.

THOMPSON, CRAWFORD, BROWN & SMILEY

/s/ Thomas R. Thompson

_____
THOMAS R. THOMPSON, ESQUIRE
Florida Bar No. 890596
tom@tcslawfirm.net
rebecca@tcslawfirm.net
MALLORY B. BROWN, ESQ.
Florida Bar No. 124039
mallory@tcslawfirm.net
1330 Thomasville Road
Tallahassee, FL 32303
(850) 386-5777
Fax: (850) 386-8507
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished by Electronic Filling on this 2nd day of October, 2023, to:

Marie A. Mattox
MARIE A. MATTOX, P.A.
203 North Gadsden Street
Tallahassee, FL 32303
marie@mattoxlaw.com
marlene@mattoxlaw.com
michelle@mattoxlaw.com
Attorneys for Plaintiff

 /s/ Thomas R. Thompson
Thomas R. Thompson, Esq.

4

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT IN AND
FOR LEON COUNTY, FLORIDA

ERICA BRYANT,                                    CASE NO.: 2023-CA-001866

      Plaintiff,

v.

BOARD OF TRUSTEES FOR
THE UNIVERSITY OF SOUTH
FLORIDA and FLORIDA
DEPARTMENT OF EDUCATION,

      Defendant.

_____/

## **DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF**

Defendant, FLORIDA DEPARTMENT OF EDUCATION ("DOE"), pursuant to Florida Rules, of Civil Procedure, hereby requests that the Plaintiff, their agents, representatives, or attorneys, to produce for inspection, copying or photographing at the offices of Thomas R. Thompson, Esquire, 1330 Thomasville Rd., Tallahassee, Florida 32303, within thirty (30) days of service of this request, each of the following:

### **DEFINITIONS**

As used herein "you" and "your" and "Plaintiff" to mean Plaintiff, ERICA BRYANT. As used herein, the term "document" or "documentation" means any medium upon which intelligence or information can be recorded or retrieved, and includes, without limitation, the original and each copy, regardless of origin and location, of any book, pamphlet, periodical, letter, memorandum (including any memorandum or report of a meeting or conversation), invoice, bill, order, form,

receipt, financial statement, accounting entry, diary, calendar, telex, telegram, cable, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, laboratory record, drawing, sketch, graph, index, list, tape, photograph, microfilm, data sheet or data processing card, or any other written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, which is in your possession, custody or control or which was, but is no longer in your possession, custody or control.

## **INSTRUCTIONS**

1.      To the extent any request is objected to, set forth all reasons for the objection.  If you object, and refuse to answer in part to any request, respond to the balance of the request.

2.      If you object to fully identifying a document or oral communication because of a privilege, you should nevertheless provide the following information pursuant to Florida Rule of Civil Procedure 1.280 (b)(5):

        a.      the nature of the privilege claimed (including work product);

        b.      the state privilege rule being invoked;

        c.      the date of the document or oral communication;

        d.      if a document: its type (correspondence, memorandum, facsimile etc.), custodian, location, and such other information sufficient to identify the document for a subpoena duces tecum or a document request, including where appropriate the author, the addressee, and, if not apparent, the relationship between the author and addressee;

        e.      if an oral communication: the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and

        f.      the general subject matter of the document or oral communication.

3.      These requests seek information that now is or ever was in your knowledge or that of your present or former employees, representatives, agents, and persons consulted concerning any factual matters or opinions, or is otherwise available to you as either a practical matter or as a matter of law.

4.      For the purposes of reading, interpreting, or construing the scope of these requests, the terms used shall be given their most expansive and inclusive interpretation. This includes, without limitation, the following:

a.      Construing the terms "and" and "or" in the disjunctive or conjunctive, as necessary, to make the request more inclusive;

b.      Construing the singular form of any word to include the plural and the plural form to include the singular;

c.      Construing the past tense of the verb to include the present tense and the present tense to include the past tense;

d.      Construing "including" to mean "including without limitation."

e.      Construing the masculine form to include the feminine form.

f.      Construing the term "Date" to mean the exact day, month and year if ascertainable; if not, the closest approximation that can be made by means of relationship to other events, locations, or matters;

g.      Construing negative terms to include the positive and vice versa. For example, the word "communication" should be construed to mean enforcement or lack of communication;

h.      Construing the terms "relate to" and "regarding" to mean to constitute, discuss, identify, describe, mention, analyze, review, comment upon, admit, deny, support, criticize, refute, reflect, refer to directly or indirectly, or in any way pertain to, in whole or in part;

i.      Construing the terms "all," "each," or "every" as all, each and every; and

j.      Construing "you" and "your" to mean the party to whom these requests
are directed and any person associated or affiliated with the above named
parties, including, but not limited to, staff, advisors, consultants, internal
or external experts, and all others providing research, advice, analysis, or
information relating to the actions and transactions of this case and/or the
events addressed herein.

5.   No demand should be interpreted as in implicit or explicit restriction on
any other demand.

6.   Any document as to which a claim of privilege is or will be asserted
should be identified by author, signatory, description (e.g., letter, memorandum, telex,
recording, etc.)

7.   If it is maintained that any document which is requested has been
destroyed, set forth the contents of the document, the date of such destruction, and the
name of the person who authorized or directed such destruction.

8.   If any of the documents cannot be produced in full, produce to the extent
possible, specifying the reasons for the inability to produce the remainder.

9.   If documents are outside the possession, custody or control of the
responding party, identify, where possible, who has possession, custody or control.

10.   When email, electronic documents, or media, or computer-generated
information is sought please produce responsive documents that are not only
currently in use or stored on the hard drives on any computer, but also on the hard
drives on any server, or stored on any tape, disk, diskette, or other backup medium.

**DOCUMENTS TO BE PRODUCED ARE AS FOLLOWS**:

1.      Any and all documentation evidencing your earnings for the years 2019 through the present.

2.      Any and all of your tax returns for the last 5 years.

3.      Any and all of your 1099s for the last 5 years.

4.      Any and all applications for employment you have submitted for the last 4 years.

5.      Any and all correspondence in your possession custody or control to or from the Defendant, and/or its past or present employees from 2019 to the present.

6.      Any and all e-mails, however maintained, in your possession, custody or control, to or from the Defendant DOE, Defendant DOE's past or present directors, officers, or employees from 2019 to the present.

7.      Any and all Statements, however maintained, of Defendant DOE's past or present employees.

8.      Reports of any experts who may be used at any trial of this cause.

9.      Any and all documentation provided to any experts who are expected to testify at any trial of this cause.

10.     Any written signed statements provided to any agency or office of Defendant DOE, including the office of Diversity and Compliance concerning the disclosure and/or complaints you allegedly made as alleged in your Complaint.

11.     Any documentation concerning or stating your evaluations while employed with Defendant DOE.

12.     Any documentation concerning or stating any Performance Improvement Plans you were placed on by Defendant DOE.

13.     Any documentation revealing, concerning or evidencing conditions you claim as harassment and abuse as alleged in your Complaint.

14.     Documentation of any disclosure or reports you made to Defendant DOE or misfeasance, malfeasance, your misconduct, and/or other matters you claimed constituted adverse employment action taken against you by Defendant DOE.

15.     All medical and/or psychological records, reports, notes and other documentation regarding any health care services rendered to Plaintiff during the period January 1, 2019 to the present.

16.     All records relating to the fact and duration of any unemployment claims, records of workmen's compensation, unemployment insurance, welfare, and applications for assistance from any government agency because of unemployment or ill health, for a period of five (5) years prior to the time of the occurrence alleged in the Plaintiff's complaint up to and including the present.

17.     All documentation of any insurance payments, governmental or private payments received by or made on behalf of Plaintiff as a result of the allegations contained in this lawsuit.

18.     Any and all records, reflecting or tending to prove or disprove lost earnings and loss of ability to earn money, as alleged in the complaint.

19.     Any and all notes, including but not limited to journals, which are kept by Plaintiff to memorialize any information or events regarding Plaintiff's employment with Defendant DOE.

DATED this 2nd day of October, 2023.

THOMPSON, CRAWFORD,
BROWN & SMILEY, P.A.

/s/ *Thomas R. Thompson*

_____
THOMAS R. THOMPSON, ESQUIRE
Florida Bar No. 890596
tom@tcslawfirm.net
rebecca@tcslawfirm.net
MALLORY BENNETT BROWN, ESQ.
Florida Bar No. 124039
mallory@tcslawfirm.net
1330 Thomasville Road
Tallahassee, FL 32303
(850) 386-5777
ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

I HEREBY certify that a true and correct copy of the foregoing has been sent by Electronic Filing to Marie Mattox, Esq., at marie@mattoxlaw.com and michelle2@mattoxlaw.com, this 2nd day of October, 2023.

/s/ Thomas R. Thompson

_____
Thomas R. Thompson, Esq.

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT IN AND
FOR LEON COUNTY, FLORIDA

ERICA BRYANT,                                      CASE NO.: 2023-CA-001866

      Plaintiff,

v.

BOARD OF TRUSTEES FOR
THE UNIVERSITY OF SOUTH
FLORIDA and FLORIDA
DEPARTMENT OF EDUCATION,

      Defendant.

_____/

## DEFENDANT'S NOTICE OF SERVING INTERROGATORIES TO PLAINTIFF

    Defendant, FLORIDA DEPARTMENT OF EDUCATION ("DOE"), by and through

their undersigned counsel, and pursuant to Florida Rules of Civil Procedure, hereby serves its

Notice of Serving Interrogatories to Plaintiff, ERICA BRYANT.

    DATED this 2nd day of October, 2023.

                THOMPSON, CRAWFORD,
                BROWN & SMILEY, P.A.

                /s/ *Thomas R. Thompson*
                _____
                THOMAS R. THOMPSON, ESQUIRE
                Florida Bar No. 890596
                tom@tcslawfirm.net
                rebecca@tcslawfirm.net
                MALLORY BENNETT BROWN, ESQ.
                Florida Bar No. 124039
                mallory@tcslawfirm.net
                1330 Thomasville Road
                Tallahassee, FL 32303
                (850) 386-5777
                ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

I HEREBY certify that a true and correct copy of the foregoing has been sent by Electronic Filing to Marie Mattox, Esq., at marie@mattoxlaw.com and michelle2@mattoxlaw.com, this 2nd day of October, 2023.


/s/ Thomas R. Thompson
_____
Thomas R. Thompson, Esq.

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT IN AND
FOR LEON COUNTY, FLORIDA

ERICA BRYANT,                                    CASE NO.: 2023-CA-001866

      Plaintiff,

v.

BOARD OF TRUSTEES FOR
THE UNIVERSITY OF SOUTH
FLORIDA and FLORIDA
DEPARTMENT OF EDUCATION,

      Defendant.

_____/

## NOTICE OF ADDITIONAL APPEARANCE AND
## DESIGNATION OF EMAIL ADDRESSES
## FOR DEFENDANT FLORIDA DEPARTMENT OF EDUCATION

Mallory B. Brown, Esq. of the law firm of Thompson, Crawford, Brown & Smiley, P.A.

hereby notifies this court and the parties of her appearance on behalf of the Defendant,

FLORIDA DEPARTMENT OF EDUCATION, and requests that pleadings, etc. directed to this

Defendant be mailed to the undersigned at the stated address.

Pursuant to the Florida Rules of Civil Procedure 2.516, hereby designates undersigned

counsel's primary electronic mail address and secondary electronic mail address for this proceeding

as follows:

      Primary E-Mail Address:       Mallory B. Brown, Esq.
                                      mallory@tcslawfirm.net

      Secondary E-Mail Address:     Rebecca R. Martin
                                        rebecca@tcslawfirm.net
                                        Victoria Bramblett
                                        victoria@tcslawfirm.net

DATED this __2nd__ day of October, 2023.

THOMPSON, CRAWFORD,
BROWN & SMILEY, P.A.

/s/ Mallory B. Brown

_____
MALLORY B. BROWN, ESQUIRE
FLORIDA BAR NO. 124039
1330 Thomasville Road
Tallahassee, FL 32303
(850) 386-5777
Fax: (850) 386-8507
mallory@tcslawfirm.net
rebecca@tcslawfirm.net
victoria@tcslawfirm.net
ATTORNEY FOR DEFENDANT FDOC

## **CERTIFICATE OF SERVICE**

I HEREBY certify that a true and correct copy of the foregoing has been sent by electronic filing to all counsel of record this __2nd__ day of October, 2023.

/s/ Mallory B. Brown

_____
Mallory B. Brown, Esq.

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT,
IN AND FOR LEON COUNTY,
FLORIDA

ERICA BRYANT,

        Plaintiff,

v.                                                  CASE NO. 2023-CA-001866

BOARD OF TRUSTEES FOR THE
UNIVERSITY OF SOUTH FLORIDA[1] and
FLORIDA DEPARTMENT OF EDUCATION,

        Defendants.

_____/

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR IMPROPER VENUE, MOTION TO DISMISS COUNT II OF PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CAUSE OF ACTION, AND SUPPORTING MEMORANDUM OF LAW

COMES NOW Defendant, University of South Florida Board of Trustees (hereinafter, "USFBOT"), by and through its undersigned attorneys and pursuant to Rules 1.140(b)(3) and (6) of the Florida Rules of Civil Procedure, and files its Motion to Dismiss Plaintiff's Complaint for Improper Venue, Motion to Dismiss Count II of Plaintiff's Complaint for Failure to State a Cause of Action, and Supporting Memorandum of Law. In support thereof, USFBOT respectfully states as follows:

### I.    MOTION TO DISMISS

A.    Plaintiff, Erica Bryant (hereinafter, "Plaintiff"), filed the instant civil action in this forum on July 12, 2023. *See generally* Pl.'s Compl. In her Complaint, Plaintiff asserts three separate causes of action, two of which arise "under the Florida Civil Rights Act," (hereinafter "FCRA"), codified as §§ 760.01-.11, Florida Statutes (2022), and one under "the Florida [Public-

---

[1] Defendant's proper name in the State of Florida is the University of South Florida Board of Trustees.

Sector] Whistleblower Act," (hereinafter "FWA" or "the Act"), codified as §§ 112.3187-.31895, Florida Statutes (2022). *Id.* ¶ 1.

      B.     As an initial matter (and with respect to USFBOT only) Plaintiff's Complaint warrants dismissal for improper venue under Fla. R. Civ. P. 1.140(b)(3), as the common law "home venue privilege" instructs that venue in civil actions brought against the state or one of its subdivisions—to include state university boards of trustees—properly lies in the county where the state, agency, or subdivision, maintains its principal headquarters. Because USFBOT maintains its headquarters in Tampa, Florida, Plaintiff must proceed on her claims in Hillsborough County, and is unable to do so before this Court.

      C.     In Count II of her Complaint,[2] Plaintiff alleges—in a conclusory fashion with no measure of factual support—that she:

> reported and disclosed violations of rules, regulations and laws, and/or malfeasance, misfeasance and/or gross misconduct to persons both inside and outside of her normal chain of command, and to others having the authority to investigate, police, manage and otherwise remedy the violations of rules, regulations and laws that she reported[;] disclosed this information when she participated in investigations, hearings, or other agency inquiries[; and] reported malfeasance, misfeasance, and other acts specifically outlined in §112.3187(5), Florida Statutes.

Compl. ¶ 39. Two paragraphs later, she does the same thing, asserting without factual support that the adverse action allegedly underlying her FWA claim "was causally related to [her] reporting violations of rules, regulations or laws, and/or her reporting malfeasance, misfeasance or gross misconduct, and/or her participating in investigations, hearings or other inquiries." *Id.* at ¶ 41.

---

[2] Defendant is also filing a Motion to Dismiss Plaintiff's FCRA claims (stated in Counts I and III of her Complaint and entitled "Race Discrimination" and "Retaliation – Chapter 760," respectively), for lack of subject matter jurisdiction under Fla. R. Civ. P. 1.140(b)(1), but elected to do so separately from (albeit concurrently with) the instant Motion.

D.     Because these generalized allegations represent nothing more than legal conclusions unsubstantiated by allegations of ultimate fact, and for the additional reasons set forth in the below Memorandum of Law, USFBOT submits that Count II of Plaintiff's Complaint should also be dismissed, for Plaintiff's failure to state a claim upon which relief may be granted.

## II.     MEMORANDUM OF LAW

### A.     Plaintiff's Complaint Is Subject to Dismissal Under Fla. R. Civ. P. 1.140(b)(3), for Improper Venue.

As an initial matter, this case should be dismissed for improper venue because USFBOT maintains its primary campus (or "principal headquarters") in Tampa, Florida, which, as indicated above, is located in Hillsborough County. "It has long been the established common law of Florida that venue in civil actions brought against the state or one of its agencies or subdivisions, absent waiver or exception, properly lies in the county where the state, agency, or subdivision, maintains its principal headquarters." *Bush v. State*, 945 So.2d 1207, 1212 (Fla.2006) (quoting *Carlile v. Game & Fresh Water Fish Comm 'n*, 354 So. 2d 362, 363-64 (Fla. 1977)).

While Section 47.011, Florida Statutes, provides that "[a]ctions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located," and generally allows plaintiffs the freedom to select their venue of choice, within those bounds, the Florida Supreme Court has held that trial courts ***must*** apply the home venue privilege unless a recognized exception to the privilege applies. *Fla. Dep't of Children & Families v. Sun–Sentinel, Inc.*, 865 So.2d 1278, 1288 (Fla. 2004) ("[A] trial court ***must*** apply the home venue privilege unless one of the exceptions to the privilege is satisfied.") (emphasis and italics supplied).

To this point, there are four recognized exceptions to the home venue privilege. *Id.* at 1287–89. The first exists in cases where the legislature has, by statute, waived the privilege. *Id.* The

second, known as the "sword wielder" exception, requires a court to find that an invasion of

person's constitutional rights has either occurred or is about to occur in the county where suit was

initially filed, and that such invasion is real and imminent. *Id.* The third applies to cases in which

the governmental defendant is sued as a joint tortfeasor. *Id.* And finally, the fourth exception

applies to cases where a party petitions the court for an order to gain access to public records. *Id.*

Because none of the four exceptions apply in this case, USFBOT submits that venue is proper in

Hillsborough County. *See Jacksonville Electric Authority v. Clay County Utility Authority*, 802

So.2d 1190 (Fla. 1st DCA 2002) (holding that trial courts are bound to apply the home venue

privilege unless an exception applies, regardless of whether application of the privilege in the

particular case is supported by the policy reasons that justify the privilege).

Thus, because USFBOT maintains its principal headquarters in Hillsborough County,

venue is not proper in this Court, and the present action should be dismissed under Fla. R. Civ. P.

1.140(b)(3), and transferred to Hillsborough County.

**B.**     **Count II of Plaintiff's Complaint Is Subject to Dismissal Under Fla. R. Civ. P. 1.140(b)(6), for Failure to State a Cause of Action.**

**1.   *Standard of Review***

"In Florida, every cause of action, whether derived from statute or common law, is

comprised of necessary elements which must be proven for the plaintiff to prevail.*" Barrett v. City*

*of Margate*, 743 So.2d 1160, 1162 (Fla. 4th DCA 1999); *see also* Fla. R. Civ. P. 1.110(b)(2) ("a

pleading which sets forth a claim for relief. . . must state a cause of action and ***shall contain. . . a***

***short and plain statement of the ultimate facts showing that the pleader is entitled to relief.***")

(emphasis and italics supplied). Because "Florida is a fact-pleading jurisdiction,"[3] courts require

---

[3] *Horowitz v. Laske*, 855 So. 2d 169, 172 (Fla. 5th DCA 2003) (citing *Continental Baking Co. v. Vincent*, 634 So. 2d 242, 244 (Fla. 5th DCA 1994)).

complaints to "set out the elements *and the facts that support them*," in enough detail to allow "the court and the defendant [to] clearly determine what is being alleged." *Id.* (emphasis added; internal citation omitted); *see also Clark v. Boeing Co.*, 395 So. 2d 1226, 1229 (Fla. 3d DCA 1981) (explaining that "[p]leadings must contain ultimate facts supporting each element of the cause of action."); *Ferguson Enter., Inc. v. Astro Air Cond. & Heating, Inc.*, 137 So. 3d 613, 615 (Fla. 2d DCA 2014).

Florida's First District Court of Appeal has defined "ultimate facts" as "[f]acts necessary and essential for a decision by a court"—i.e., "[t]hose facts which it is expected evidence will support." *Testa v. Pfaff*, 464 So. 2d 220, 221 n. 2 (Fla. 1st DCA 1985). On the other hand, "[i]t is not permissible for any litigant to submit a disorganized assortment of allegations and argument in hope that a legal premise will materialize on its own," (*Barrett*, 743 So.2d at 1163), and conclusory allegations, including those purporting to formulaically assert elements of a cause of action, have routinely been deemed insufficient to survive Rule 1.140(b)(6) motions to dismiss.

### 2. *Count II must be dismissed, as Plaintiff's Complaint fails to state ultimate facts sufficient to support the conclusory allegations comprising her FWA claim.*

In the present case, Plaintiff's Complaint alleges no ultimate facts capable of plausibly supporting, much less establishing, a claim that USFBOT retaliated against her for committing a "protected disclosure," as defined in the FWA. The types of employees and persons protected by the Act, as applicable here, are only those individuals "who disclose information on their own initiative in a written and signed complaint," and/or "who are requested to participate in an investigation, hearing, or other inquiry conducted by any agency or federal government entity. . ." § 112.3187(7), Fla. Stat. (2022). To be protected under the statute, the actual information disclosed must concern one of two specific topics:

5

> (a) Any violation or suspected violation of any federal, state, or local law, rule, or regulation committed by an employee or agent of an agency or independent contractor which creates and presents a substantial and specific danger to the public's health, safety, or welfare[; or]
>
> (b) Any act or suspected act of gross mismanagement, malfeasance, misfeasance, gross waste of public funds, suspected or actual Medicaid fraud or abuse, or gross neglect of duty committed by an employee or agent of an agency or independent contractor.

§ 112.3187(5), Fla. Stat. (2022).

Finally, as provided in subsection (6) of the statute, the individuals defined in subsection (7) are only protected when disclosing such information "to any agency or federal government entity having the authority to investigate, police, manage, or otherwise remedy the violation or act. . ." § 112.3187(6), Fla. Stat. (2022).

While Count II of Plaintiff's Complaint (*see* Compl. ¶¶ 36-43) includes allegations that generally work to track the language of the statute, effectively regurgitating the elements of a claim that may otherwise be viable—*if* supported by sufficient ultimate facts—Plaintiff fails to provide any measure of factual support for those allegations, and thus fails to state a cause of action capable of surviving the instant Motion to Dismiss. As the Third District Court of Appeal stated in 2008, "[l]egal conclusions unsupported by ultimate facts are not enough to state a cause of action." *Miami-Dade Cnty. v. Deerwood Homeowner's Ass'n*, 979 So. 2d 1103, 1104 (Fla. 3d DCA 2008) (citing *Rishel v. Eastern Airlines, Inc.*, 466 So. 2d 1136, 1138 (Fla. 3d DCA 1985)). *See also Doyle v. Flex*, 210 So. 2d 493 (Fla. 4th DCA 1968) ("mere legal conclusions. . . are insufficient to state cause of action unless substantiated by allegations of ultimate fact"). "It is not enough to merely advise the defendant of the theory of the action." *Cunningham v. Fla. Dep't of Children & Families*, 782 So. 2d 913, 919 (Fla. 1st DCA 2001) (Padavano, J., concurring). *see also Barrett*, 743 So.2d at 1162-63 ("It is insufficient to plead opinions, theories, legal conclusions or argument.").

6

Because conclusory allegations, including those purporting to formulaically assert elements of a cause of action—such as those comprising Plaintiff's FWA claim here—are insufficient to survive a motion to dismiss under Rule 1.140(b)(6), Count II must be dismissed as well.

### III.   CONCLUSION

WHEREFORE, pursuant to Rules 1.140(b)(3) and (6) of the Florida Rules of Civil Procedure, and for the additional reasons more specifically stated in the foregoing Memorandum of Law, Defendant respectfully submits that Plaintiff's Complaint should be dismissed for improper venue and transferred to Hillsborough County, and that Count II of Plaintiff's Complaint is subject to dismissal for failure to state a cause of action under the Florida Public Sector Whistleblower's Act.

Respectfully submitted this 2nd day of October, 2023.


By: */s/ Jadie Mims*
    F. Damon Kitchen
    Florida Bar No. 861634
    dkitchen@constangy.com
    Jadie R. Mims
    Florida Bar No. 1002318
    jmims@constangy.com

    Constangy, Brooks, Smith & Prophete, LLP
    Post Office Box 41099
    Jacksonville, Florida 32203
    Telephone:     (904) 356-8900
    Facsimile:      (904) 356-8200

    *Attorneys for Defendant, University of South Florida Board of Trustees*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 2nd day of October, 2023, the foregoing has been filed with the Clerk of Court through the Florida E-Filing Portal, which will furnish a copy by e-mail to all counsel of record.

By: /s/ *Jadie Mims*
F. Damon Kitchen
Jadie R. Mims

*Attorneys for Defendant, University of South Florida Board of Trustees*

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT,
IN AND FOR LEON COUNTY,
FLORIDA

ERICA BRYANT,

        **Plaintiff,**

v.                          **CASE NO. 2023-CA-001866**

**BOARD OF TRUSTEES FOR THE
UNIVERSITY OF SOUTH FLORIDA[1] and
FLORIDA DEPARTMENT OF EDUCATION,**

        **Defendants.**

_____/

### DEFENDANTS' MOTION TO DISMISS COUNTS I AND III OF PLAINTIFF'S COMPLAINT, AND SUPPORTING MEMORANDUM OF LAW

COMES NOW Defendant, University of South Florida Board of Trustees (hereinafter, "USFBOT"), by and through its undersigned attorneys and pursuant to Rule 1.140(b)(1) of the Florida Rules of Civil Procedure, and files its Motion to Dismiss Counts I and III Plaintiff's Complaint, and Supporting Memorandum of Law. In support thereof, USFBOT respectfully states as follows:

### I.      MOTION TO DISMISS

A.      Plaintiff, Erica Bryant (hereinafter, "Plaintiff"), filed the instant civil action in this forum on July 12, 2023. *See generally* Pl.'s Compl. In her Complaint, Plaintiff asserts three separate causes of action, two of which arise "under the Florida Civil Rights Act," (hereinafter "FCRA"), codified as §§ 760.01-.11, Florida Statutes (2022), and one pursuant to "the Florida [Public-Sector] Whistleblower Act," (hereinafter "FWA"), codified as §§ 112.3187-.31895, Florida Statutes (2022). *Id.* ¶ 1.

---

[1] Defendant's proper name in the State of Florida is the University of South Florida Board of Trustees.

B.      Only Plaintiff's FCRA claims, which are stated in Counts I and III of her Complaint and entitled "Race Discrimination" and "Retaliation – Chapter 760," respectively, are at issue in the instant Motion to Dismiss.[2]

C.      Section 760.11, Florida Statutes, entitled "Administrative and Civil Remedies," explains the specific set of circumstances under which a complainant, such as Plaintiff, is able to pursue a FCRA civil action in a judicial forum. *See* § 760.11, Fla. Stat. (2022). In pertinent part, that section explains as follows:

1.      The complainant must file a complaint (i.e., charge of discrimination) with the federal Equal Employment Opportunity Commission ("EEOC"), the Florida Commission on Human Relations ("FCHR"), or a local fair employment practices agency within 365 days of the alleged FCRA violation. If the date the charge is filed is clearly stamped on the face of the complaint, that date is the date of filing. *See* § 760.11(1), Fla. Stat. (2022).

2.      Within 180 days of the date of filing of the complainant's charge, the FCHR must investigate and determine if there is reasonable cause to believe that a discriminatory practice has occurred in violation of the FCRA. *See* § 760.11(3), Fla. Stat. (2022).

3.      If the FCHR, within that 180-day investigative period, determines that there *is* reasonable cause to believe that a violation of the FCRA has occurred, then the complainant can either: (a) bring a civil action against the person identified in the charge in any court of competent jurisdiction; or (b) request an administrative

---

[2] Defendant filed a separate Motion to Dismiss Plaintiff's FWA claim stated in Count II of her Complaint, immediately before filing the instant Motion.

hearing pursuant to Sections 120.569 and 120.57, Florida Statutes. *See* § 760.11(4), Fla. Stat. (2022).

4.      Conversely, if the FCHR, within that 180-day investigative period, determines that there is *no* reasonable cause to believe that an FCRA violation has occurred, then it (the FCHR) is required to dismiss the charge. *See* § 760.11(7), Fla. Stat. (2022).

5.      If the FCHR dismisses a charge pursuant to Section 760.11(7), Florida Statutes, then the complainant's *only* remedy is to request an administrative hearing pursuant to Sections 120.569 and 120.57, Florida Statutes, which the statute instructs "shall be heard by an administrative law judge." *Id*. Importantly, according to the clear text of the FCRA, ***the complainant has 35 days from the date of the determination of no reasonable cause to request such an administrative hearing. In the event a complainant fails to timely request such an administrative hearing, her claim will be barred***. *Id*. (emphasis and italics supplied).

6.      Nothing in Subsection 760.11(7), Florida Statutes, indicates that a complainant, after receiving a determination of no reasonable cause, is able to directly initiate a civil action in a court of competent jurisdiction. *Id*. Quite the contrary, Subsection 760.11(7), Florida Statutes, clearly states that in order to bring a civil action under the FCRA, the complainant who has received a determination of no reasonable cause must not only first request an administrative hearing, but also prevail in that administrative hearing, and receive a final order from the FCHR that a violation of the FCRA has occurred. *Id*.

D.       In this case, Plaintiff's charge of discrimination, which indicates that it was signed

and dated by her on August 5, 2022, bears a date-stamp from the FCHR indicating that it was

received on "2022 AUG -5  PM 2:36." *See* Tab No. 1 of the Declaration of F. Damon Kitchen,

attached hereto as *Exhibit "A."*

E.       On January 31, 2023—179 days after Plaintiff's charge of discrimination was filed

with the FCHR—the FCHR issued Plaintiff both its Notice of Determination: No Reasonable

Cause, and its Determination: No Reasonable Cause. *See* Tab Nos. 2 and 3 of attached *Exhibit*

*"A."* Significantly, the FCHR's Notice of Determination: No Reasonable Cause stated the

following:

> The Florida Commission on Human Relations has determined that
> there is no reasonable cause to believe that an unlawful practice has
> occurred. A copy of the determination is attached. Complainant may
> request an administrative hearing with the Division of
> Administrative Hearings by filing a Petition for Relief within 35
> days of the date the determination was signed by the Executive
> Director. . . This determination of no reasonable cause will become
> final if Complainant does not file a Petition for Relief within 35
> days, and the Commission will dismiss the Complaint.

*See* Tab No. 2 of attached *Exhibit "A."*

F.       Notably, Plaintiff failed to file a Petition for Relief requesting an administrative

hearing with the Florida Division of Administrative Hearings ("DOAH") within 35 days of the

FCHR's issuance of its January 31, 2023, Determination: No Reasonable Cause. Her deadline to

do so expired on March 7, 2023.

G.       As explained above, after receiving the FCHR's January 31, 2023, Determination:

No Reasonable Cause, Plaintiff's only prospective avenue to bring a civil action for alleged

violations of the FCRA was to not only timely request an administrative hearing before DOAH,

but also prevail in that administrative hearing, and receive a final order from the FCHR finding

4

that a violation of the FCRA had occurred. *See* § 760.11(7), Fla. Stat. (2022). Consequently, Plaintiff's failure to request an administrative hearing within 35 days of the FCHR's issuance of its Determination: No Reasonable Cause irrevocably foreclosed Plaintiff's ability to file a civil action under the FCRA in this forum.

WHEREFORE, because this Court lacks subject matter jurisdiction to entertain Plaintiff's FCRA claims, and for the reasons set forth in the below Memorandum of Law, USFBOT submits that Counts I and III of Plaintiff's Complaint should be dismissed with prejudice.

## II.   MEMORANDUM OF LAW

### A.   The Appropriate Standard for Considering a Motion to Dismiss Filed Pursuant to Rule 1.140(b)(1) of the Florida Rules of Civil Procedure

The question of whether a court lacks subject matter jurisdiction to entertain a civil action filed before it is a threshold question that is properly presented by way of a motion to dismiss, as opposed to a motion for summary judgment. *See Seminole Tribe of Fla. V. McCor*, 903 So. 2d 353, 357 (Fla. 2d DCA 2005). In considering a motion to dismiss challenging subject matter jurisdiction, a trial court may properly go beyond the four corners of the complaint, and consider affidavits establishing that subject matter jurisdiction is lacking. *Id.*; *see also All South Subcontractors, Inc. v. Amerigas Propane, Inc.*, 206 So. 3d 77, 79 n. 1 (Fla. 1st DCA 2016).

### B.   The Scope of a Florida Circuit Court's Subject Matter Jurisdiction

The scope of a Florida circuit court's subject matter jurisdiction is set forth in Article V, Subsection 5(b) of the Florida Constitution. In pertinent part, that Subsection provides that "[t]he circuit courts shall have original jurisdiction not vested in the county courts and jurisdiction of appeals when provided by general law," as well as "the power of direct review of administrative action prescribed by general law." Art. III, § 5(b), Fla. Const.; *see also* § 26.012, Fla. Stat. (2022). As one Florida appellate court has observed, "[s]ubject matter jurisdiction is the power of a

5

particular court to hear the type of case before it." *Beach Park Dev. Corp. v. Ramhof*, 673 So. 2d 912 914 (Fla. 2d DCA 1996).

As explained above, the unambiguous text of the FCRA states that a claimant who receives a determination of no reasonable cause from the FCHR within 180 days of the filing of her charge of discrimination has only *one* remedial option available to her—i.e., requesting an administrative hearing within 35 days of the FCHR's issuance of the determination. *See* § 760.11(7), Fla. Stat. (2022) (stating that "[i]f the aggrieved person does not request an administrative hearing within the 35 days, the claim will be barred."). Nothing within the entirety of the FCRA either states or suggests that a claimant who receives a determination of no reasonable cause from the FCHR within 180 days of the filing of her charge of discrimination can directly proceed with commencing a civil action. *Id.*

Nor, for that matter, are there any published case decisions permitting recipients of FCHR determinations of no reasonable cause to initiate a civil action without first requesting an administrative hearing and having that determination administratively overturned. Quite the contrary, Florida's First District Court of Appeal has ruled that "[i]f the [FCHR] determines, within the 180-day period, that there is no reasonable cause, *the claimant is limited to review before an administrative law judge, and cannot file a civil action unless that review is successful."* *Sheridan v. Florida Dep't of Health*, 182 So. 3d 787, 792 (Fla 1st DCA 2016) (emphasis and italics supplied).

In *Sheridan*, the First DCA explained that, given the clear text of Subsection 760.11(7), Florida Statutes, a claimant who has "failed to satisfy the administrative preconditions of the FCRA"—again, by either (1) receiving a reasonable cause determination from the FCHR; or (2) receiving a determination of no reasonable cause, requesting an administrative hearing challenging

that adverse determination within 35 days of its issuance, and prevailing in that challenge—is "not authorized by law to commence a civil action" under the FCRA. *Id.* In doing so, the court stated that "[t]o hold otherwise would be to 'successfully circumvent the possibility of being locked into the sole remedy of an administrative hearing.'" *Id.* (citing *Ayers v. Wal-Mart Stores, Inc.*, 943 F. Supp. 1163, 1167 (M.D. Fla. 1996)).

In the present case, Plaintiff filed her Complaint in this forum, improperly stating two causes of action under the FCRA that this Court has no jurisdiction to hear. *See* Compl., Counts I, III. As the First DCA declared in *Sheridan*, Plaintiff "was not authorized by law to commence a civil action [under the FCRA]," (182 So. 3d at 792), given the FCHR's determination of no reasonable cause (issued 179 days after she filed her charge of discrimination), and her subsequent failure to timely request an administrative hearing regarding that determination.

## III.   CONCLUSION

WHEREFORE, pursuant to Rule 1.140(b)(1) of the Florida Rules of Civil Procedure and for the foregoing reasons, Defendant submits that Counts I and III of Plaintiff's Complaint must be dismissed with prejudice, for this Court's lack of subject matter jurisdiction over those claims.

Respectfully submitted this 2nd day of October, 2023.

By: */s/ Jadie Mims*
    F. Damon Kitchen
    Florida Bar No. 861634
    dkitchen@constangy.com
    Jadie R. Mims
    Florida Bar No. 1002318
    jmims@constangy.com

    Constangy, Brooks, Smith & Prophete, LLP
    Post Office Box 41099
    Jacksonville, Florida 32203
    Telephone:   (904) 356-8900
    Facsimile:   (904) 356-8200

    *Attorneys for Defendant, University of South Florida Board of Trustees*

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of October, 2023, the foregoing has been filed with the Clerk of Court through the Florida E-Filing Portal, which will furnish a copy by e-mail to all counsel of record.

By: /s/ *Jadie Mims*
F. Damon Kitchen
Jadie R. Mims

*Attorneys for Defendant, University of South Florida Board of Trustees*

Exhibit "A"

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT,
IN AND FOR LEON COUNTY,
FLORIDA

ERICA BRYANT,

        Plaintiff,

v.                                 CASE NO. 2023-CA-001866

BOARD OF TRUSTEES FOR THE
UNIVERSITY OF SOUTH FLORIDA and
FLORIDA DEPARTMENT OF EDUCATION,

        Defendants.

_____/

## DECLARATION OF F. DAMON KITCHEN

1.      My name is F. Damon Kitchen. I am over the age of eighteen and am of sound mind. I give the following information, of which I have personal knowledge, both freely and truthfully.

2.      Attached hereto at "Tab No. 1" is a true and correct copy of the Charge of Discrimination Plaintiff, Erica Bryant, submitted to the Florida Commission on Human Relations ("FCHR") on August 5, 2022, which bears a date-stamp from the FCHR indicating that it was received on "2022 AUG -5 PM 2:36."

3.      Attached hereto at "Tab No. 2" is a true and correct copy of the Notice of Determination: No Reasonable Cause issued by the FCHR on January 31, 2023, which corresponds to the Charge of Discrimination identified in Paragraph No. 2, above.

4.      Attached hereto at "Tab No. 3" is a true and correct copy of the Determination: No Reasonable Cause issued by the FCHR on January 31, 2023, which corresponds to the Charge of Discrimination identified in Paragraph No. 2, above.

In accordance with Section 92.525, Florida Statutes, under penalties of perjury, I declare that I have read the foregoing documents, and that the facts stated in them are true.

FURTHER SAYETH THE DECLARANT NAUGHT.

F. Damon Kitchen

# Tab No. 1

15D-2022-01072

**FLORIDA COMMISSION ON HUMAN RELATIONS**
4075 Esplanade Way, Room 110, Tallahassee, Florida 32399



Date Stamp (FCHR use only)
FLORIDA COMMISSION ON
HUMAN RELATIONS
2022 AUG -5 PM 2:36

| A. PERSONAL INFORMATION | | FCHR No.    202336814 | |
|---|---|---|---|
| Name<br>Erica Bryant | | E-Mail Address<br>ericambryant14@gmail.com | Date of Birth<br>09/10/1972 |
| Mailing Address<br>2768 Kennedy Dr. | | Home Telephone Number (area code)<br>+1 (954) 864-9671 | |
| City, State, and Zip Code<br>Tallahassee, FL 32310 | | Work (if possible to call you there) | |

| B. BUSINESS INFORMATION (employer, labor organization, employment or government agency, etc.) | | |
|---|---|---|
| Name<br>University of South Florida | Number of Employees<br>15+ | Telephone Number<br>+1 (813) 974-2011 |
| Street Address (Branch/Office in Florida)<br>4202 E. Fowler Avenue | City, State and Zip Code<br>Tampa, Florida 33620 | County<br>Hillsborough |

| C. CAUSE OF DISCRIMINATION BASED ON – Check appropriate box(es)<br>☒ RACE  ☒ COLOR  ☐ SEX  ☐ RELIGION  ☐ DISABILITY/HANDICAP<br>☐ NATIONAL ORIGIN  ☐ AGE  ☒ MARITAL STATUS  ☒ RETALIATION | DATE MOST RECENT DISCRIMINATION TOOK PLACE<br>(month, day, year)       June 21, 2022 |
|---|---|

**D. DISCRIMINATION STATEMENT:**
I believe I have been discriminated against pursuant to Chapter 760 of the Florida Civil Rights Act, and/or Title VII of the Federal Civil Rights Act, and/or the Age Discrimination in Employment Act, and/or the Americans with Disabilities Act as applicable for the following reason(s):

The complainant (CP) was subjected to discrimination and retaliation at the hands of but not limited to Amanda Meeks - Asst. to Vice Chancellor - (USF contractor), Dinh Nyugen - Acting Bureau BFEP Chief, and Matthew Wiley - Acting Title I Pt. A (TIPA) Director. CP believes she was discriminated against because she is an educated Woman of Color and does not go along with the status quo. White colleagues were allowed privileges that their counterparts of other races were not. White colleagues were groomed for positions they did not have the experience or credentials for. CP was excluded from meetings, information that pertained to her position was also withheld, and she would receive information from other team members. CP would be watched closely to see if she was at her desk by both Acting Bureau Chief Dinh Nyugen & Acting Director Matthew Wiley and Matthew Caldwell. Matthew Wiley would look over or sneak into her cubicle to see if she was working. On occasion Dinh Nyugen, Matthew Wiley and Dihn would purposefully not address CP. D. Nyugen would speak aggressively at times and accuse CP of not getting her work completed or not being at her desk. They would attempt to give CP work unrelated to her position, work that CP received no prior training for, or was not an employee at the time the information was acquired. D. Nyugen would often approach CP, stating he's going to give her some of his responsibilities, as he needs an assistant; CP declined. CP was denied a request to work from her home. They refused to give her a written denial explaining why she was being denied. CP made a request to the Vice Chancellor, Dr. Margaret Aune, and she allowed Flextime; Amanda Meeks was very displeased. CP was dismissed after receiving & signing her contract renewal for refusing to take responsibility for something she did not understand, could not validate accuracy, and was the responsibility of the person who was hired to perform the tasks. CP witnessed the mistreatment and dismissal of her former colleague, Calah Smith; Ms. Smith requested to work from home as well and was denied. Ms. Smith did mention CP in her discrimination complaint. CP was terminated on 06/21/2022. Prior to her termination, she desired to get out of that particular Title program, and she was encouraged to apply (application submitted 6/17/22) to another Title Program.

**I REQUEST TO BE AFFORDED FULL RELIEF TO WHICH I AM ENTITLED TO UNDER THE LAW(S).**

FCHR Charge Form – Revised January 9, 2015

**E. VERIFICATION.** Under penalties of perjury, I declare that I have read the foregoing complaint of discrimination and that the facts stated in it are true. I will advise the agency if I change my address or telephone number and I will cooperate fully with them in the processing of my complaint in accordance with their procedures.

| SIGNATURE OF COMPLAINANT | DATE |
|---|---|
| *Erica Bryant* | 08/05/2022 |

**EMPLOYMENT COMPLAINT OF DISCRIMINATION**

FCHR Charge Form – Revised January 9, 2015

# Tab No. 2





*State of Florida*
## Florida Commission on Human Relations

*An Equal Opportunity Employer • Affirmative Action Employer*

4075 Esplanade Way • Room 110 • Tallahassee, Florida 32399-7020
(850) 488-7082 / FAX: (850) 487-1007
http://fchr.state.fl.us
*United in One Goal: Equal Opportunity and Mutual Respect*

**Ron DeSantis**
*Governor*

**Darrick D. McGhee, Sr.**
*Chair*
**Cheyanne Costilla**
*Executive Director*

FCHR No. 202336814
EEOC No. 15D-2022-01072

Erica Bryant                                                    **COMPLAINANT**
c/o Marie A. Mattox, Esq.
Marie A. Mattox, P.A.
203 N. Gadsden St.
Tallahassee, FL 32301

University of South Florida                                    **RESPONDENT**
c/o Luisette Gierbolini, Sr. Assoc. General Counsel
Office of the General Counsel
4202 E. Fowler Avenue, CGS 301
Tampa, FL 33620-4301

### NOTICE OF DETERMINATION: NO REASONABLE CAUSE

The Florida Commission on Human Relations has determined that there is no reasonable cause to believe that an unlawful practice occurred. A copy of the determination is attached. Complainant may request an administrative hearing with the Division of Administrative Hearings by filing a Petition for Relief within 35 days of the date the determination was signed by the Executive Director. A blank Petition for Relief form is enclosed with Complainant's notice. It may be beneficial for Complainant to seek assistance from legal counsel prior to filing the petition. This determination of no reasonable cause will become final if Complainant does not file a Petition for Relief within 35 days, and the Commission will dismiss the complaint. In addition, Complainant has a right to request that the EEOC review this determination. To secure a review, Complainant must request it in writing either within 50 days of the date the determination was signed by the Executive Director, or if a Petition for Relief is filed, within 15 days of the final resolution of the administrative process. Requests should be directed to: The Equal Employment Opportunity Commission, State and Local Department, Miami Tower, 100 SE 2nd Street, Suite 1500, Miami, Florida 33131.

The parties named in the determination may inspect the records and documents, in the custody of the Commission, which pertain to the determination. Please contact the Commission's Customer

| COMMISSIONERS | | | |
|---|---|---|---|
| **Darrick D. McGhee Sr.** *(Chair)* *Tallahassee* | **Angela Primiano** *(Vice Chair)* *Hollywood* | **Brian Battaglia** *Tampa* | **Dawn Hanson** *Tallahassee* |
| **Larry Hart** *Fort Myers* | **Monica Cepero** *Fort Lauderdale* | **Kenyetta Mullins Moyé** *Tallahassee* | **Vivian Myrtetus** *Miami* |
| **Pamela Payne** *Jacksonville* | **Jay Pichard** *Tallahassee* | **Matthew Klein** *Orlando* | |

Service Office if you wish to request copies.

I HEREBY CERTIFY that a copy of the foregoing Notice of Determination was mailed to the above-named addressees this 31 day of Jan , 2023 by U.S. Mail.

By: _____
       Clerk of the Commission

# Tab No. 3



*State of Florida*
# Florida Commission on Human Relations
*An Equal Opportunity Employer • Affirmative Action Employer*
4075 Esplanade Way • Room 110 • Tallahassee, Florida 32399-7020
(850) 488-7082 / FAX: (850) 487-1007
http://fchr.state.fl.us
*United in One Goal: Equal Opportunity and Mutual Respect*

**Ron DeSantis**
*Governor*



**Darrick D. McGhee, Sr.**
*Chair*
**Cheyanne Costilla**
*Executive Director*

FCHR No. 202336814
EEOC No. 15D-2022-01072

Erica Bryant **COMPLAINANT**
c/o Marie A. Mattox, Esq.
Marie A. Mattox, P.A.
203 N. Gadsden St.
Tallahassee, FL 32301

University of South Florida **RESPONDENT**
c/o Luisette Gierbolini, Sr. Assoc. General Counsel
Office of the General Counsel
4202 E. Fowler Avenue, CGS 301
Tampa, FL 33620-4301

## DETERMINATION:  NO REASONABLE CAUSE

Complainant filed a complaint of discrimination with the Florida Commission on Human
Relations (Commission) alleging that Respondent committed unlawful retaliation, harassment,
and discrimination on the bases of race and color in violation of the Florida Civil Rights Act of
1992.  As required in Rule 60Y-5.004(1), Florida Administrative Code (F.A.C.), the
Commission's Office of Employment Investigations completed an investigation of this matter,
which is reported in the Investigative Memorandum.  The Commission's Office of General
Counsel reviewed all available evidence and the Investigative Memorandum, and made a
recommendation to me, as Executive Director of the Commission, that it is unlikely that
unlawful discrimination occurred in this matter.

Pursuant to the authority delegated to me in Rule 60Y-5.004(3), F.A.C., I accept the Office of
General Counsel's recommendation and issue this Determination: No Reasonable Cause.  Based
upon this determination, the Clerk shall serve both the Determination and the attached Notice of
Determination upon the parties.

Cheyanne Costilla, Executive Director

Dated: _Jan. 31_, 20_23_

**COMMISSIONERS**

| | | | |
|---|---|---|---|
| **Darrick D. McGhee Sr.** *(Chair)* | **Angela Primiano** *(Vice Chair)* | **Brian Battaglia** | **Dawn Hanson** |
| *Tallahassee* | *Hollywood* | *Tampa* | *Tallahassee* |
| **Larry Hart** | **Monica Cepero** | **Kenyetta Mullins Moyé** | **Vivian Myrtetus** |
| *Fort Myers* | *Fort Lauderdale* | *Tallahassee* | *Miami* |
| **Pamela Payne** | **Jay Pichard** | **Matthew Klein** | |
| *Jacksonville* | *Tallahassee* | *Orlando* | |

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT IN AND
FOR LEON COUNTY, FLORIDA

ERICA BRYANT,                                    CASE NO.: 2023-CA-001866

      Plaintiff,

v.

BOARD OF TRUSTEES FOR
THE UNIVERSITY OF SOUTH
FLORIDA and FLORIDA
DEPARTMENT OF EDUCATION,

      Defendant.

_____/

### <u>DEFENDANT, FLORIDA DEPARTMENT OF EDUCATION'S</u><br><u>AMENDED NOTICE OF TAKING PLAINTIFF'S IN-PERSON DEPOSITION</u>

PLEASE TAKE NOTICE that on **Thursday, January 4, 2024, the Attorneys for the Defendant, FLORIDA DEPARTMENT OF EDUCATION will take the deposition of ERICA BRYANT, Plaintiff, beginning at 9:00 a.m. (EST)** – *the whole day is reserved for this deposition*. **This deposition will be held <u>IN-PERSON</u> facilitated by For the Record Reporting located at 1500 Mahan Drive, Suite 140, Tallahassee, Florida 32308** upon oral examination before a notary public or a person duly authorized by law to take depositions in the State of Florida. ***<u>The deposition will be taken with ALL parties appearing in-person.</u>***

This deposition is being taken for the purpose of discovery, for use at trial, or both of the foregoing, or for such other purposes as are permitted under the applicable and governing rules.

In compliance with the Americans with Disabilities Act of 1990, you are hereby notified that if you require special accommodations due to a disability, contact Thomas R. Thompson, Esquire, no

later than seven (7) days prior to the date your appearance is required pursuant to this notice to ensure that reasonable accommodations are available.

PLEASE GOVEN YOURSELF ACCORDINGLY.

DATED this 3rd day of October, 2023.

THOMPSON, CRAWFORD,
BROWN & SMILEY, P.A.

/s/ Thomas R. Thompson
THOMAS R. THOMPSON, ESQUIRE
Florida Bar No. 890596
1330 Thomasville Road
Tallahassee, FL 32303
(850) 386-5777
Fax: (850) 386-8507
tom@tcslawfirm.net;
rebecca@tcslawfirm.net
ATTORNEYS FOR DEFENDANT FDOE

**CERTIFICATE OF SERVICE**

I HEREBY certify that a true and correct copy of the foregoing has been sent by electronic communication to all Counsel of record this 3rd day of October, 2023.

/s/ Thomas R. Thompson

_____
THOMAS R. THOMPSON

cc: For the Record

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT IN AND
FOR LEON COUNTY, FLORIDA

ERICA BRYANT,                          CASE NO.: 2023-CA-001866

      Plaintiff,

v.

BOARD OF TRUSTEES FOR
THE UNIVERSITY OF SOUTH
FLORIDA and FLORIDA
DEPARTMENT OF EDUCATION,

      Defendant.

_____/

## NOTICE OF VIDEO-CONFERENCE HEARING

      YOU ARE HEREBY NOTIFIED that the undersigned has set a hearing before the Honorable

Judge Angela C. Dempsey, Leon County, Florida, or any judge sitting in his/her stead, on the

**Defendant Florida Department of Education's Motion to Dismiss Plaintiff's Complaint;**

**Defendant, Board of Trustees for the University of South Florida's Motion to Dismiss Count II**

**of Plaintiff's Complaint for Failure to State a Cause of Action and Defendant, Board of Trustees**

**for the University of South Florida's Motion to Dismiss Counts I and III of Plaintiff's Complaint**

scheduled for **Wednesday, December 13, 2023, at 2:30 p.m. EST**, via video-conference with ALL

parties appearing via Zoom information below:

Topic: Judge Marsh's Civil Courtroom
Time: This is a recurring meeting Meet anytime

Judge Marsh's Civil Courtroom
https://zoom.us/j/91553040647

Two (2) hours have been set aside for this hearing.

DATED this _3rd_ day of October, 2023.

THOMPSON, CRAWFORD,
BROWN & SMILEY PA

/s/ Thomas R. Thompson, Esq.
_____
THOMAS R. THOMPSON, ESQUIRE
1330 Thomasville Road
Tallahassee, FL 32303
(850) 386-5777
Fax: (850) 386-8507
tom@tcslawfirm.net
rebecca@tcslawfirm.net
FLORIDA BAR NO. 890596
ATTORNEY FOR DEFENDANT FDOE

## CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing has been sent by

Electronic Filing to all counsel of record, this __3rd__ day of October, 2023.

/s/ Thomas R. Thompson
_____
Thomas R. Thompson, Esq.

2

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT IN AND
FOR LEON COUNTY, FLORIDA

ERICA BRYANT,                                    CASE NO.: 2023-CA-001866

     Plaintiff,

v.

BOARD OF TRUSTEES FOR
THE UNIVERSITY OF SOUTH
FLORIDA and FLORIDA
DEPARTMENT OF EDUCATION,

     Defendant.

_____/

## <u>AMENDED NOTICE OF VIDEO-CONFERENCE HEARING</u>
### (to reflect correct time and Zoom link)

     YOU ARE HEREBY NOTIFIED that the undersigned has set a hearing before the Honorable

Judge Angela C. Dempsey, Leon County, Florida, or any judge sitting in his/her stead, on the

**Defendant Florida Department of Education's Motion to Dismiss Plaintiff's Complaint;**

**Defendant, Board of Trustees for the University of South Florida's Motion to Dismiss Count II**

**of Plaintiff's Complaint for Failure to State a Cause of Action and Defendant, Board of Trustees**

**for the University of South Florida's Motion to Dismiss Counts I and III of Plaintiff's Complaint**

scheduled for **Wednesday, December 13, 2023, at 2:45 p.m. EST**, via video-conference with ALL

parties appearing via Zoom information below:

Topic: 2023CA1866 Bryant v USF - Motions to Dismiss
Time: Dec 13, 2023, 02:45 PM Eastern Time (US and Canada)

Join Zoom Meeting
https://zoom.us/j/98458907096?pwd=bmNudDdxVVYxaW51L2wxdFk3c2Jwdz09

Meeting ID: 984 5890 7096
Passcode: 567053

Two (2) hours have been set aside for this hearing.

DATED this _3rd_ day of October, 2023.

THOMPSON, CRAWFORD,
BROWN & SMILEY PA

/s/ Thomas R. Thompson, Esq.
_____
THOMAS R. THOMPSON, ESQUIRE
1330 Thomasville Road
Tallahassee, FL 32303
(850) 386-5777
Fax: (850) 386-8507
tom@tcslawfirm.net
rebecca@tcslawfirm.net
FLORIDA BAR NO. 890596
ATTORNEY FOR DEFENDANT FDOE

## CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing has been sent by

Electronic Filing to all counsel of record, this __3rd__ day of October, 2023.

/s/ Thomas R. Thompson
_____
Thomas R. Thompson, Esq.

Case 8:24-cv-00716-JSM-UAM   Document 1-2   Filed 03/21/24   Page 82 of 128 PageID 252

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT IN AND
FOR LEON COUNTY, FLORIDA

ERICA BRYANT,                                    CASE NO.: 2023-CA-001866

       Plaintiff,

v.

BOARD OF TRUSTEES FOR
THE UNIVERSITY OF SOUTH
FLORIDA and FLORIDA
DEPARTMENT OF EDUCATION,

       Defendant.

_____/

### **DEFENDANT, FLORIDA DEPARTMENT OF EDUCATION'S**
### **NOTICE OF TAKING PLAINTIFF'S IN-PERSON DEPOSITION**

PLEASE TAKE NOTICE that on **Tuesday, December 5, 2023, the Attorneys for the**

**Defendant, FLORIDA DEPARTMENT OF EDUCATION will take the deposition of ERICA**

**BRYANT, Plaintiff, beginning at 9:00 a.m. (EST)** – *the whole day is reserved for this deposition*.

**This deposition will be held __IN-PERSON__ facilitated by For the Record Reporting located at**

**1500 Mahan Drive, Suite 140, Tallahassee, Florida 32308** upon oral examination before a notary

public or a person duly authorized by law to take depositions in the State of Florida. ***The deposition***

***will be taken with ALL parties appearing in-person.***

This deposition is being taken for the purpose of discovery, for use at trial, or both of the

foregoing, or for such other purposes as are permitted under the applicable and governing rules.

In compliance with the Americans with Disabilities Act of 1990, you are hereby notified that

if you require special accommodations due to a disability, contact Thomas R. Thompson, Esquire, no

later than seven (7) days prior to the date your appearance is required pursuant to this notice to ensure that reasonable accommodations are available.

PLEASE GOVEN YOURSELF ACCORDINGLY.

DATED this 3rd day of October, 2023.

THOMPSON, CRAWFORD,
BROWN & SMILEY, P.A.

/s/ Thomas R. Thompson
THOMAS R. THOMPSON, ESQUIRE
Florida Bar No. 890596
1330 Thomasville Road
Tallahassee, FL 32303
(850) 386-5777
Fax: (850) 386-8507
tom@tcslawfirm.net;
rebecca@tcslawfirm.net
ATTORNEYS FOR DEFENDANT FDOE

## CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing has been sent by electronic communication to all Counsel of record this 3rd day of October, 2023.

/s/ Thomas R. Thompson

_____
THOMAS R. THOMPSON

cc: For the Record

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT,
IN AND FOR LEON COUNTY,
FLORIDA

ERICA BRYANT,

        Plaintiff,

v.                               CASE NO. 2023-CA-001866

BOARD OF TRUSTEES FOR THE
UNIVERSITY OF SOUTH FLORIDA[1] and
FLORIDA DEPARTMENT OF EDUCATION,

        Defendants.

_____/

### DEFENDANT, UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES' NOTICE OF SERVING FIRST SET OF INTERROGATORIES TO PLAINTIFF

COMES NOW Defendant, the University of South Florida Board of Trustees, by and through its undersigned attorneys and pursuant to Rule 1.340 of the Florida Rules of Civil Procedure, and hereby gives notice that it served its First Set of Interrogatories to Plaintiff, Erica Bryant, via email to all counsel of record, this 11th day of October, 2023.

        Respectfully submitted,

        Constangy, Brooks, Smith & Prophete, LLP
        Post Office Box 41099
        Jacksonville, Florida 32203
        Telephone:    (904) 356-8900
        Facsimile:     (904) 356-8200

By:  */s/ Jadie Mims*
        F. Damon Kitchen
        Florida Bar No. 861634
        dkitchen@constangy.com
        Jadie R. Mims
        Florida Bar No. 1002318
        jmims@constangy.com

        *Attorneys for Defendant, University of South Florida Board of Trustees*

---

[1] Defendant's proper name in the State of Florida is the University of South Florida Board of Trustees.

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this 11th day of October, 2023, a copy of the foregoing has been filed with the Clerk of Court through the Florida E-Filing Portal, which will furnish a copy by e-mail to all counsel of record.

By:   */s/ Jadie Mims*_____
                F. Damon Kitchen
                Jadie R. Mims

                *Attorneys for Defendant, University of South Florida Board of Trustees*

2

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT,
IN AND FOR LEON COUNTY,
FLORIDA

ERICA BRYANT,

          **Plaintiff,**

v.                                                                 CASE NO. 2023-CA-001866

BOARD OF TRUSTEES FOR THE
UNIVERSITY OF SOUTH FLORIDA[1] and
FLORIDA DEPARTMENT OF EDUCATION,

          **Defendants.**

_____/

### NOTICE OF ZOOM HEARING ON DEFENDANT, UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES', MOTIONS TO DISMISS PLAINTIFF'S COMPLAINT, AND SUPPORTING MEMORANDA OF LAW

PLEASE TAKE NOTICE that on **Wednesday, December 13, 2023, at 2:45 p.m. EST,** the undersigned attorneys will call up for hearing, before the Honorable Angela C. Dempsey, Circuit Court Judge, Second Judicial Circuit, in and for Leon County, Florida, the two (2) Motions to Dismiss filed by Defendant, University of South Florida Board of Trustees (hereinafter, "USFBOT") on October 2, 2023, as identified below:

1. USFBOT's Motion to Dismiss Plaintiff's Complaint for Improper Venue, Motion to Dismiss Count II of Plaintiff's Complaint for Failure to State a Cause of Action, and Supporting Memorandum of Law; and

2. USFBOT's Motion to Dismiss Counts I and III Plaintiff's Complaint, and Supporting Memorandum of Law.

**Two (2) hours have been reserved for the hearing**, which will also cover argument on a separate Motion to Dismiss filed by Co-Defendant Florida Department of Education. **The hearing will be held via Zoom, in accordance with the instructions previously provided by the Court, which are copied on the following page**:

---

[1] Defendant's proper name in the State of Florida is the University of South Florida Board of Trustees.

10197513v1

| Topic | 2023CA1866 Bryant v USF  Motions to Dismiss |
|---|---|
| Time | Dec 13, 2023; 02:45 PM EST (US and Canada) |
| Join Zoom Meeting | https://zoom.us/j/98458907096?pwd=bmNudDdxVVYxaW51L2wxdFk3c2Jwdz09<br><br>One tap mobile<br>    +17866351003,,98458907096#,,,,*567053#<br>    US (Miami)<br>    +12678310333,,98458907096#,,,,*567053#<br>    US (Philadelphia)<br><br>Dial by your location<br>    +1 786 635 1003 US (Miami)<br>    +1 267 831 0333 US (Philadelphia)<br>    +1 301 715 8592 US (Washington DC)<br>    +1 312 626 6799 US (Chicago)<br>    +1 470 250 9358 US (Atlanta)<br>    +1 470 381 2552 US (Atlanta)<br>    +1 646 518 9805 US (New York)<br>    +1 646 558 8656 US (New York)<br>    +1 651 372 8299 US (Minnesota)<br>    +1 720 928 9299 US (Denver)<br>    +1 971 247 1195 US (Portland)<br>    +1 206 337 9723 US (Seattle)<br>    +1 213 338 8477 US (Los Angeles)<br>    +1 253 215 8782 US (Tacoma)<br>    +1 346 248 7799 US (Houston)<br>    +1 602 753 0140 US (Phoenix)<br>    +1 669 219 2599 US (San Jose)<br>    +1 669 900 9128 US (San Jose)<br>    +48 22 307 3488 Poland<br>    +48 22 398 7356 Poland<br>    +48 22 306 5342 Poland |
| Join by SIP | 98458907096@10.212.72.197;<br>98458907096@10.90.11.41 |
| Join by H.323 | 10.212.72.197; 10.90.11.41 |
| Meeting ID | 984 5890 7096 |
| Passcode | 567053 |

If you are a person with a disability who needs any accommodation in order to participate

in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance.  Please

2

contact Court Administration not later than seven (7) days prior to the scheduled hearing date.  If

you are hearing or voice impaired, please call 1-800-955-8771.

PLEASE GOVERN YOURSELF ACCORDINGLY.


DATED this 18th day of October, 2023.

Respectfully submitted,

Constangy, Brooks, Smith & Prophete, LLP
Post Office Box 41099
Jacksonville, Florida 32203
Telephone:     (904) 356-8900
Facsimile:     (904) 356-8200


By:  */s/ Jadie Mims*
F. Damon Kitchen
Florida Bar No. 861634
dkitchen@constangy.com
Jadie R. Mims
Florida Bar No. 1002318
jmims@constangy.com

*Attorneys for Defendant, University of South*
*Florida Board of Trustees*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of October, 2023, a copy of the foregoing has

been filed with the Clerk of Court through the Florida E-filing Portal, which will furnish a copy

by email to all counsel of record.

By:  */s/ Jadie Mims*
F. Damon Kitchen
Jadie R. Mims

*Attorneys for Defendant, University of South*
*Florida Board of Trustees*


cc:     For the Record Reporting, Inc.

10197513v1

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT, IN AND FOR LEON COUNTY, FLORIDA

**ERICA BRYANT,**

   **Plaintiff,**

v.

**BOARD OF TRUSTEES FOR THE UNIVERSITY OF SOUTH FLORIDA and FLORIDA DEPARTMENT OF EDUCATION,**

   **Defendants.**

_____/

**CASE NO.: 23-CA-1866**
**FLA BAR NO.: 0739685**

## <u>PLAINTIFF'S NOTICE OF TAKING DEPOSITIONS VIA VIDEO-CONFERENCE ZOOM</u>

TO: Thomas R. Thompson, Esq.
   1330 Thomasville Road
   Tallahassee, FL 32303

   Jadie Mims, Esq.
   Constangy, Brooks, Smith & Prophete, LLP
   200 West Forsyth Street Suite 1700
   Jacksonville, FL 32202-4317

PLEASE TAKE NOTICE that the undersigned will take the depositions of

the following persons pursuant to Rule 1.310, Florida Rules of Civil Procedure, on

**January 22 and 23, 2024,** beginning at the times listed below before a notary public

or person authorized by law to take depositions in the State of Florida and/or the

applicable state:

**January 22, 2024**
**Deponent**                    **Time**

Amanda Meeks                9:00 a.m.
Matthew Wiley               10:30 a.m.
Dinh Nguyen                 11:30 a.m.
Casey Graham                1:30 p.m.
Janet Capps                 3:00 p.m.
Calah Smith                 4:00 p.m.
**Reporter:   For the Record- VIA VIDEO-CONFERENCE ZOOM**


**January 23, 2024**
**Deponent**                    **Time**

Georgina Portillo           9:00 a.m.
Alyssa Tovar                10:00 a.m.
Jaqueline Hill              11:00 a.m.
Shonda Goldsmith            1:00 p.m.
Michelle Gaines             2:00 p.m.
Melissa Ramsey              3:00 p.m.
Casey Graham                3:30 p.m.
Matthew Caldwell            4:00 p.m.
Margaret Aune               4:30 p.m.
**Reporter:   For the Record- VIA VIDEO-CONFERENCE ZOOM**


These depositions will be taken by oral examination before an officer duly

authorized by law to take depositions, and are being taken for the purposes of

discovery, for use at trial, or both, or for such other purposes as are permitted under

the applicable and governing rules. These depositions will continue from day to day

until completed.   These depositions will continue from day to day until completed.

In compliance with the Americans with Disabilities Act of 1990, you are hereby notified that if you require special accommodations due to a disability, contact Marie A. Mattox no later than seven (7) days prior to the date your appearance is required pursuant to this notice to ensure that reasonable accommodations are available.

PLEASE GOVERN YOURSELF ACCORDINGLY.


Respectfully submitted,


/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P.A.
203 North Gadsden Street
Tallahassee, Florida 32301
Primary Email: marie@mattoxlaw.com
Secondary Email: michelle@mattoxlaw.com
(850) 383-4800 (telephone)
(850) 383-4801 (facsimile)

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Clerk via the Florida Courts e-Filing Portal only this 18th day of October 2023, which will send Notification of Electronic Filing to all counsel of record.


/s/ Marie A. Mattox
Marie A. Mattox


cc:    For the Record

**IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT,
IN AND FOR LEON COUNTY, FLORIDA**

**ERICA BRYANT,**

    Plaintiff,

**v.**                                   **CASE NO.: 2023-CA-001866**

**BOARD OF TRUSTEES FOR
THE UNIVERSITY OF SOUTH FLORIDA and
FLORIDA DEPARTMENT OF EDUCATION,**

    Defendants.

_____/

## <u>NOTICE OF SERVICE OF PLAINTIFF'S VERIFIED ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES</u>

Notice is hereby given that Plaintiff's Verified Answers to Defendant's First Set of Interrogatories have been furnished by electronic mail to counsel for Defendant, **Thomas R. Thompson**, THOMPSON, CRAWFORD, BROWN & SMILEY, P.A., 1330 Thomasville Road, Tallahassee, Florida 32303 at tom@tcslawfirm.net on November 1, 2023.

Respectfully submitted,

_/s/ Brian Finnerty_
BRIAN FINNERTY, ESQ.
Florida Bar No.: 94647
MARIE A. MATTOX, P.A.
203 North Gadsden Street
Tallahassee, Florida 32301
Telephone: (850) 383-4800
brian.finnerty@mattoxlaw.com
linette.williams@mattoxlaw.com
michelle2@mattoxlaw.com [_for scheduling matters_]

ATTORNEYS FOR PLAINTIFF

Filing # 185281694 E-Filed 11/01/2023 05:58:40 PM

**IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT,**
**IN AND FOR LEON COUNTY, FLORIDA**

**ERICA BRYANT,**

      Plaintiff,

**v.**                                           **CASE NO.: 2023-CA-001866**

**BOARD OF TRUSTEES FOR**
**THE UNIVERSITY OF SOUTH FLORIDA and**
**FLORIDA DEPARTMENT OF EDUCATION,**

      Defendants.

_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S**
**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

      Plaintiff, **Erica Bryant**, by and through her undersigned counsel, responds to Defendant's

First Request for Production of Documents as follows:

1.      Any and all documentation evidencing your earnings for the years 2019 through the present.

      **RESPONSE:**    Please see attached (*Bates Nos. 001-003*): documents in Plaintiff's possession relating to income earned since 2019.

2.      Any and all of your tax returns for the last 5 years.

      **RESPONSE:**    There are no documents responsive to this request in Plaintiff's possession, custody, or control.

3.      Any and all of your 1099s for the last 5 years.

      **RESPONSE:**    There are no documents responsive to this request in Plaintiff's possession, custody, or control.

4.      Any and all applications for employment you have submitted for the last 4 years.

      **RESPONSE:**    Please see attached (*Bates Nos. 004-051*): documentation in Plaintiff's possession relating to applications for employment.

5.      Any and all correspondence in your possession custody or control to or from the Defendant, and/or its past or present employees from 2019 to the present.

1

**RESPONSE:**   Please see attached (*Bates Nos. 052-062*): text message and email correspondence.

6.      Any and all e-mails, however maintained, in your possession, custody or control, to or from the Defendant DOE, Defendant DOE's past or present directors, officers, or employees from 2019 to the present.

**RESPONSE:**   Please see attached (*Bates Nos. 063-067*): additional email correspondence.

7.      Any and all Statements, however maintained, of Defendant DOE's past or present employees.

**RESPONSE:**   Please see attached (*Bates No. 068*): written statement of Hilal Peker and audio recordings of conversations with employees of Defendants.

8.      Reports of any experts who may be used at any trial of this cause.

**RESPONSE:**   An expert witness has not been identified at this time.

9.      Any and all documentation provided to any experts who are expected to testify at any trial of this cause.

**RESPONSE:**   An expert witness has not been identified at this time.

10.     Any written signed statements provided to any agency or office of Defendant DOE, including the office of Diversity and Compliance concerning the disclosure and/or complaints you allegedly made as alleged in your Complaint.

**RESPONSE:**   Please see attached (*Bates Nos. 069-530*): statements, documents, and emails relating to submitted charge of discrimination.

11.     Any documentation concerning or stating your evaluations while employed with Defendant DOE.

**RESPONSE:**   There are no documents responsive to this request in Plaintiff's possession, custody, or control.

12.     Any documentation concerning or stating any Performance Improvement Plans you were placed on by Defendant DOE.

**RESPONSE:**   There are no documents responsive to this request in Plaintiff's possession, custody, or control.

13.     Any documentation revealing, concerning or evidencing conditions you claim as harassment and abuse as alleged in your Complaint.

**RESPONSE:**   None, other than the documents produced responsive to other requests herein, are in Plaintiff's possession, custody, or control.

14.   Documentation of any disclosure or reports you made to Defendant DOE or misfeasance, malfeasance, your misconduct, and/or other matters you claimed constituted adverse employment action taken against you by Defendant DOE.

**RESPONSE:**   There are no documents responsive to this request in Plaintiff's possession, custody, or control.

15.   All medical and/or psychological records, reports, notes and other documentation regarding <u>any</u> health care services rendered to Plaintiff during the period January 1, 2019 to the present.

**RESPONSE:**   There are no documents responsive to this request in Plaintiff's possession, custody, or control.

16.   All records relating to the fact and duration of any unemployment claims, records of workmen's compensation, unemployment insurance, welfare, and applications for assistance from any government agency because of unemployment or ill health, for a period of five (5) years prior to the time of the occurrence alleged in the Plaintiff's complaint up to and including the present.

**RESPONSE:**   There are no documents responsive to this request in Plaintiff's possession, custody, or control.

17.   All documentation of any insurance payments, governmental or private payments received by or made on behalf of Plaintiff as a result of the allegations contained in this lawsuit.

**RESPONSE:**   There are no documents responsive to this request in Plaintiff's possession, custody, or control.

18.   Any and all records, reflecting or tending to prove or disprove lost earnings and loss of ability to earn money, as alleged in the complaint.

**RESPONSE:**   Please see attached (*Bates No. 531*): paystub reflecting previous earnings rate.

19.   Any and all notes, including but not limited to journals, which are kept by Plaintiff to memorialize any information or events regarding Plaintiff's employment with Defendant DOE.

**RESPONSE:**   Objection –this request possibly seeks information protected by attorney-client privilege. Subject to and without waiving this objection, there are no documents responsive to this request in Plaintiff's possession, custody, or control.

Respectfully submitted,


*/s/ Brian Finnerty*
BRIAN FINNERTY, ESQ.
Florida Bar No.: 94647
MARIE A. MATTOX, P.A.
203 North Gadsden Street
Tallahassee, Florida 32301
Telephone: (850) 383-4800
brian.finnerty@mattoxlaw.com
linette.williams@mattoxlaw.com
michelle2@mattoxlaw.com [*for scheduling matters*]

ATTORNEYS FOR PLAINTIFF


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a notice of service of the foregoing has been submitted via

electronic filing through the Florida Courts E-Filing Portal and as a courtesy by electronic mail

this 1st day of November 2023 to:

Thomas R. Thompson
THOMPSON, CRAWFORD,
BROWN & SMILEY, P.A.
1330 Thomasville Road
Tallahassee, Florida 32303
tom@tcslawfirm.net


*/s/ Brian Finnerty*
Brian Finnerty, Esq.

Case 8:24-cv-00716-JSM-UAM   Document 1-2   Filed 03/21/24   Page 97 of 128 PageID 267

# VERIFIED RETURN OF SERVICE

Job # T233210

---

**Client Info:**

MARIE MATTOX, PA
MARIE MATTOX
203 NORTH GADSDEN STREET
Tallahassee, FL  32301

---

**Case Info:**

| | |
|---|---|
| **PLAINTIFF:** | CIRCUIT COURT |
| ERICA BRYANT, | |
| -versus- | County of Leon, Florida |
| **DEFENDANT:** | Court Case # **2023 CA 001866** |
| BOARD OF TRUSTEES FOR THE UNIVERSITY OF SOUTH FLORIDA; | |
| ET AL. | |

---

**Service Info:**

**Received by KATHRYN VILLA: on September, 11th 2023 at 11:25 AM**
**Service:** I Served **FLORIDA DEPARTMENT OF EDUCATION C/O MANNY DIAZ, JR, COMMISSIONER**
With: **SUMMONS; COMPLAINT; UNIFORM ORDER FOR ACTIVE, DIFFERENTIAL CIVIL CASE MANAGEMENT;**
**SUPPLEMENT TO CIVIL CASE MANAGEMENT ORDER**
by leaving with **BONNIE WILMOT, AUTHORIZED TO ACCEPT**

**At Business** TURLINGTON BUILDING, SUITE 1514 325 WEST GAINS ST TALLAHASSEE, FL 32301
On **9/12/2023** at **12:46 PM**
**Manner of Service: GOVERNMENT AGENCY**
PUBLIC AGENCY SERVICE: F.S. 48.111 (1)(a)(b)(c) (2) (3)

I **KATHRYN VILLA** acknowledge that I am 18 years or older, authorized to serve process, in good standing in the jurisdiction wherein the process was served, and I have no interest in the above action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

*Kathryn Villa*

---

**KATHRYN VILLA**
Lic # **286**

**ACCURATE SERVE OF TALLAHASSEE**
400 CAPITAL CIRCLE SE STE 18291
Tallahassee, FL 32301
Phone: (850) 519-5494

Our Job # **T233210**    Client Ref # **ERICA BRYANT**




1 of 1

Filing # 185884318 E-Filed 11/09/2023 09:34:47 PM

# VERIFIED RETURN OF SERVICE

Job # T233211

**Client Info:**

MARIE MATTOX, PA
MARIE MATTOX
203 NORTH GADSDEN STREET
Tallahassee, FL  32301

**Case Info:**

| | |
|---|---|
| **PLAINTIFF:** | CIRCUIT COURT |
| ERICA BRYANT, | |
| -versus- | County of Leon, Florida |
| **DEFENDANT:** | Court Case # **2023 CA 001866** |
| BOARD OF TRUSTEES FOR THE UNIVERSITY OF SOUTH FLORIDA; | |
| ET AL. | |

**Service Info:**

**Received by KATHRYN VILLA: on September, 11th 2023 at 11:26 AM**
**Service:** I Served **DIVISION OF RISK MANAGEMENT DEPARTMENT OF FINANCIAL SERVICES**
With: **SUMMONS; COMPLAINT; UNIFORM ORDER FOR ACTIVE, DIFFERENTIAL CIVIL CASE MANAGEMENT;**
**SUPPLEMENT TO CIVIL CASE MANAGEMENT ORDER**
by leaving with **JONATHON DOSTER, AUTHORIZED TO ACCEPT**

**At Business 200 EAST GAINES ST TALLAHASSEE, FL 32301**
On **9/12/2023** at **12:15 PM**
**Manner of Service: GOVERNMENT AGENCY**
PUBLIC AGENCY SERVICE: F.S. 48.111 (1)(a)(b)(c) (2) (3)

I **KATHRYN VILLA** acknowledge that I am 18 years or older, authorized to serve process, in good standing in the jurisdiction
wherein the process was served, and I have no interest in the above action. Under penalties of perjury, I declare that I have read the
foregoing document and that the facts stated in it are true.

**KATHRYN VILLA**
Lic # **286**

**ACCURATE SERVE OF TALLAHASSEE**
400 CAPITAL CIRCLE SE STE 18291
Tallahassee, FL 32301
Phone: (850) 519-5494

Our Job # **T233211**    Client Ref # **ERICA
BRYANT**




1 of 1

Filing # 185965763 E-Filed 11/13/2023 10:30:11 AM

**IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT,**
**IN AND FOR LEON COUNTY, FLORIDA**

**ERICA BRYANT,**

      Plaintiff,

**v.**                                         **CASE NO.: 2023-CA-001866**

**BOARD OF TRUSTEES FOR**
**THE UNIVERSITY OF SOUTH FLORIDA and**
**FLORIDA DEPARTMENT OF EDUCATION,**

      Defendants.

_____/

**NOTICE OF APPEARANCE OF BRIAN O. FINNERTY**
**AND DESIGNATION OF EMAIL ADDRESSES**

Please take notice that Brian O. Finnerty now appears as additional counsel for Plaintiff

and requests addition to the Florida E-filing Portal and other service lists. The undersigned

requests that all future communications and correspondence be directed to him.

The undersigned designates the following email addresses, pursuant to Florida Rule of

Judicial Administration 2.516, for service of all documents required to be served in this

proceeding:

Primary E-Mail Addresses: brian.finnerty@mattoxlaw.com

Secondary E-Mail Address: linette.williams@mattoxlaw.com

                                  michelle2@mattoxlaw.com (scheduling)

                                  Respectfully submitted,

                                  */s/ Brian Finnerty*_____
                                  BRIAN FINNERTY, ESQ.
                                  Florida Bar No.: 94647
                                  MARIE A. MATTOX, P.A.

203 North Gadsden Street
Tallahassee, Florida 32301
Telephone: (850) 383-4800
brian.finnerty@mattoxlaw.com
linette.williams@mattoxlaw.com
michelle2@mattoxlaw.com [*for scheduling matters*]

ATTORNEYS FOR PLAINTIFF

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that a notice of service of the foregoing has been submitted via electronic filing through the Florida Courts E-Filing Portal and as a courtesy by electronic mail this 13th day of November 2023 to:

Thomas R. Thompson
THOMPSON, CRAWFORD,
BROWN & SMILEY, P.A.
1330 Thomasville Road
Tallahassee, Florida 32303
tom@tcslawfirm.net

*/s/ Brian Finnerty*
Brian Finnerty, Esq.

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT,
IN AND FOR LEON COUNTY, FLORIDA

**ERICA BRYANT,**

     Plaintiff,

**v.**                                **CASE NO.: 2023-CA-001866**

**BOARD OF TRUSTEES FOR
THE UNIVERSITY OF SOUTH FLORIDA and
FLORIDA DEPARTMENT OF EDUCATION,**

     Defendants.

_____/

<u>**NOTICE OF SERVICE OF PLAINTIFF'S UNVERIFIED ANSWERS TO DEFENDANT
BOARD OF TRUSTEES FOR THE UNIVERSITY OF SOUTH FLORIDA'S
FIRST SET OF INTERROGATORIES**</u>

Notice is hereby given that Plaintiff's Verified Answers to Defendant's First Set of

Interrogatories have been furnished by electronic mail to counsel for Defendant, **Jadie Mims**,

Constangy, Brooks, Smith & Prophete, LLP, Post Office Box 41099, Jacksonville, Florida 323203

at jmims@constangy.com on November 20, 2023.

                        Respectfully submitted,

                        _/s/ Brian Finnerty_____
                        BRIAN FINNERTY, ESQ.
                        Florida Bar No.: 94647
                        MARIE A. MATTOX, P.A.
                        203 North Gadsden Street
                        Tallahassee, Florida 32301
                        Telephone: (850) 383-4800
                        brian.finnerty@mattoxlaw.com
                        linette.williams@mattoxlaw.com
                        michelle2@mattoxlaw.com [_for scheduling matters_]

                        ATTORNEYS FOR PLAINTIFF

**IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT,
IN AND FOR LEON COUNTY, FLORIDA**

**ERICA BRYANT,**

       Plaintiff,

**v.**                                         **CASE NO.: 2023-CA-001866**

**BOARD OF TRUSTEES FOR
THE UNIVERSITY OF SOUTH FLORIDA and
FLORIDA DEPARTMENT OF EDUCATION,**

       Defendants.

_____/

**<u>PLAINTIFF'S RESPONSE TO DEFENDANT'S
FIRST REQUEST FOR PRODUCTION</u>**

       Plaintiff, **Erica Bryant**, by and through her undersigned counsel, responds to Defendant's

First Request for Production as follows:

1.     All documents and correspondence relating to your employment with Defendant USFBOT, including, but not limited to:

    a.  All paycheck stubs in your possession;

    b.  Records relating to evaluation of work performance, disciplinary action, investigations, reassignments, or transfers;

    c.  Records relating to grievances, appeals, or employment-related complaints either brought by you or against you;

    d.  Records relating to unemployment compensation claims, proceedings, and/or benefits;

    e.  All contracts, agreements, and understandings of any nature between you and Defendant USFBOT relating to your employment with Defendant USFBOT; and

    f.  Any employee handbooks and policies you received.

    **<u>RESPONSE:</u>**   None, other than the documents produced responsive to other requests herein, are in Plaintiff's possession, custody, or control.

2.     All documents and correspondence relating to any civil, criminal, or administrative action filed by, on behalf of, or against you, or in which you were otherwise a party at any time in your life, other than this civil action.

    **<u>RESPONSE:</u>**   There are no documents responsive to this request in Plaintiff's

possession, custody, or control.

3.      All documents and correspondence relating to testimony you have provided under oath in any forum in the last ten (10) years, including, but not limited to, worker's compensation and unemployment matters, depositions, hearing testimony, and other sworn or unsworn testimony or declarations.

        **RESPONSE:**   There are no documents responsive to this request in Plaintiff's possession, custody, or control.

4.      All non-privileged statements, affidavits, unsigned drafts of affidavits, interview notes, letters, notes, diaries, calendars, daily planners, logs, memoranda, personal recordings, audio or video tape recordings, electronic postings, photographs, digitally recorded images, and written statements prepared by you or on your behalf relating to the allegations in your Complaint.

        **RESPONSE:**   Please see documents and recordings produced responsive to request 6 below.

5.      All documents and correspondence evidencing, memorializing, constituting, or relating to any statement made by or attributed to Defendant USFBOT that supports or refutes the allegations in your Complaint.

        **RESPONSE:**   Please see documents and recordings produced responsive to request 6 below.

6.      All statements, affidavits, interviews, audio or video tape recordings, handwritten or typewritten notes, drafts of affidavits, received from or taken from any person, and any other information in whatever form, regarding any of the claims, allegations, or damages alleged in your Complaint.

        **RESPONSE:**   Please see attached (*Bates No. 068*): written statement of Hilal Peker and audio recordings of conversations with employees of Defendants.

7.      All documents and correspondence received through any public records request, or third-party subpoena issued in this civil action and/or relating to any of the claims, allegations, or damages alleged in your Complaint.

        **RESPONSE:**   There are no documents responsive to this request in Plaintiff's possession, custody, or control.

8.      All documents and correspondence sent to or received from consultant(s) or expert witness(es) or potential expert witness(es) relating to this civil action.

        **RESPONSE:**   An expert witness has not been identified at this time.

2

9.     All documents, reports, e-mails, and writings or notes of any kind in your possession, custody, control, or otherwise obtainable by you, which relate to any disclosure you made during your employment regarding a violation or suspected violation of a federal, state or local law, rule or regulation committed by Defendant USFBOT or its employees and/or agents that presented a substantial and specific danger to the public's health, safety, or welfare.

**RESPONSE:**     None, other than the documents and materials produced responsive to other requests herein, are in Plaintiff's possession, custody, or control.

10.    All documents, reports, e-mails, and writings or notes of any kind in your possession, custody, control, or otherwise obtainable by you, which relate to any disclosure you made during your employment regarding an act or suspected act of gross mismanagement, malfeasance, misfeasance, gross waste of public funds, or gross neglect of duty committed by Defendant USFBOT or its employees and/or agents.

**RESPONSE:**     None, other than the documents and materials produced responsive to other requests herein, are in Plaintiff's possession, custody, or control.

11.    All documents, reports, e-mails, and writings or notes of any kind in your possession, custody, control, or otherwise obtainable by you, which relate to your satisfaction of "all conditions precedent to bringing this action," as alleged in Paragraph No. 6 of your Complaint.

**RESPONSE:**     Please see attached (*Bates Nos. 069-530*): statements, documents, and emails relating to submitted charge of discrimination.

12.    All documents, reports, e-mails, and writings or notes of any kind in your possession, custody, control, or otherwise obtainable by you, which relate to the allegations in Paragraph Nos. 8 and 10 of your Complaint that you had "stellar work performance during [your] employment with Defendant" USFBOT (Paragraph No. 8); and "completed [your] job duties without error" (Paragraph No. 10).

**RESPONSE:**     None, other than the documents and materials produced responsive to other requests herein, are in Plaintiff's possession, custody, or control.

13.    All documents, reports, e-mails, and writings or notes of any kind in your possession, custody, control, or otherwise obtainable by you, which relate to the allegation in Paragraph No. 8 of your Complaint that you were "subjected to disparate treatment, different terms and conditions of employment, and held to a different standard because of [your] race."

**RESPONSE:**     None, other than the documents and materials produced responsive to other requests herein, are in Plaintiff's possession, custody, or control.

14.    All documents, reports, e-mails, and writings or notes of any kind in your possession, custody, control, or otherwise obtainable by you, which relate to the allegation in Paragraph

No. 8 of your Complaint that you were "subjected to disparate treatment, different terms and conditions of employment, and held to a different standard. . . because [you] reported Defendant [USFBOT]'s unlawful employment activities."

**RESPONSE:**   None, other than the documents and materials produced responsive to other requests herein, are in Plaintiff's possession, custody, or control.

15.   All documents, reports, e-mails, and writings or notes of any kind in your possession, custody, control, or otherwise obtainable by you, which relate to the allegation in Paragraph No. 8 of your Complaint that you were "subjected to retaliation" after reporting "Defendant [USFBOT]'s unlawful employment activities."

**RESPONSE:**   None, other than the documents and materials produced responsive to other requests herein, are in Plaintiff's possession, custody, or control.

16.   All documents, reports, e-mails, and writings or notes of any kind in your possession, custody, control, or otherwise obtainable by you, which relate to any of the various examples provided in Paragraph No. 11 of your Complaint as to how you were allegedly "subjected to disparate treatment due to [your] race" by Defendant USFBOT.

**RESPONSE:**   None, other than the documents and materials produced responsive to other requests herein, are in Plaintiff's possession, custody, or control.

17.   All documents, reports, e-mails, and writings or notes of any kind in your possession, custody, control, or otherwise obtainable by you, which relate to the allegation in Paragraph No. 12 of your Complaint that "white and some non-black employees of color received favorable treatment from [Matthew] Wiley [,] and were continually prioritized over Plaintiff."

**RESPONSE:**   None, other than the documents and materials produced responsive to other requests herein, are in Plaintiff's possession, custody, or control.

18.   All documents, reports, e-mails, and writings or notes of any kind in your possession, custody, control, or otherwise obtainable by you, which relate to the allegation in Paragraph No. 13 of your Complaint that you "witnessed African American employees be reprimanded and/or subjected to a hostile work environment" by Defendant USFBOT.

**RESPONSE:**   None, other than the documents and materials produced responsive to other requests herein, are in Plaintiff's possession, custody, or control.

19.   All documents, reports, e-mails, and writings or notes of any kind in your possession, custody, control, or otherwise obtainable by you, which relate to the allegation in Paragraph No. 13 of your Complaint that "Calah Smith. . . was. . . fired" by Defendant USFBOT, and that the termination was "for discussing a supervisor's comments regarding Defendant [USFBOT]'s work from home policy relating to her serious medical condition."

4

**RESPONSE:** None, other than the documents and materials produced responsive to other requests herein, are in Plaintiff's possession, custody, or control.

20. All documents, reports, e-mails, and writings or notes of any kind in your possession, custody, control, or otherwise obtainable by you, which relate to the allegation in Paragraph No. 13 of your Complaint that "at least nine non-white females were forced into resignation or fired [by Defendant USFBOT] during [your] employment" with Defendant USFBOT, and that "[e]ach employee cited the hostile work environment as the catalyst for their consecutive departures."

**RESPONSE:** None, other than the documents and materials produced responsive to other requests herein, are in Plaintiff's possession, custody, or control.

21. All documents, reports, e-mails, and writings or notes of any kind in your possession, custody, control, or otherwise obtainable by you, which relate to the allegation in Paragraph No. 14 of your Complaint that "Program Specialist Jacqueline Hill, an African American female, . . . was purposely excluded from team meetings and trainings which provided relevant information to her job duties," and that "Georgina Portillo, an Afro-Latina female, confirmed this targeted exclusion."

**RESPONSE:** None, other than the documents and materials produced responsive to other requests herein, are in Plaintiff's possession, custody, or control.

22. All documents, reports, e-mails, and writings or notes of any kind in your possession, custody, control, or otherwise obtainable by you, which relate to the allegation in Paragraph No. 14 of your Complaint that "later hired white employees, such as Alyssa Tovar, a Hispanic employee, received work ahead of Plaintiff and put Plaintiff at a disadvantage."

**RESPONSE:** None, other than the documents and materials produced responsive to other requests herein, are in Plaintiff's possession, custody, or control.

23. All documents, reports, e-mails, and writings or notes of any kind in your possession, custody, control, or otherwise obtainable by you, which relate to the allegations in Paragraph No. 15 of your Complaint that Defendant USFBOT "appointed [Alyssa Tovar] as translator for Spanish content, without her approval," and such appointment was "at least due in part to her Hispanic origin."

**RESPONSE:** None, other than the documents and materials produced responsive to other requests herein, are in Plaintiff's possession, custody, or control.

24. All documents, reports, e-mails, and writings or notes of any kind in your possession, custody, control, or otherwise obtainable by you, which relate to the allegation in Paragraph No. 17 of your Complaint that "Former Interim TIPA Director Shonda Goldsmith, an African American female," was "treated unfairly [by Defendant USFBOT] due to her race, which prohibited her from being chosen for a position," and that she "was wrongfully informed that the master's degree she currently had was not the correct one for the position

5

she was applying for."

> **RESPONSE:**   None, other than the documents and materials produced responsive to other requests herein, are in Plaintiff's possession, custody, or control.

25.   All documents, reports, e-mails, and writings or notes of any kind in your possession, custody, control, or otherwise obtainable by you, which relate to the allegation in Paragraph No. 20 of your Complaint that Amanda "Meeks held one of six positions which were not legitimate hires," and "that [Ms. Meeks and any other] individuals [you claim were not legitimate hires] did not have the proper education, experience, or knowledge which would normally be required."

> **RESPONSE:**   None, other than the documents and materials produced responsive to other requests herein, are in Plaintiff's possession, custody, or control.

26.   All documents, reports, e-mails, and writings or notes of any kind in your possession, custody, control, or otherwise obtainable by you, which relate to the allegation in Paragraph No. 20 of your Complaint that Amanda "Meeks would place her 'friends and associates' into key roles that qualified professionals were not considered for."

> **RESPONSE:**   None, other than the documents and materials produced responsive to other requests herein, are in Plaintiff's possession, custody, or control.

27.   All documents, reports, e-mails, and writings or notes of any kind in your possession, custody, control, or otherwise obtainable by you, which relate to the allegation in Paragraph No. 22 of your Complaint that Matthew "Wiley made insensitive comments regarding race."

> **RESPONSE:**   None, other than the documents and materials produced responsive to other requests herein, are in Plaintiff's possession, custody, or control.

28.   All documents, reports, e-mails, and writings or notes of any kind in your possession, custody, control, or otherwise obtainable by you, which relate to the allegations in Paragraph Nos. 24 and 25 of your Complaint that, "on or about May 2022, [you] requested a written explanation" regarding denial of a previous request to telework, and were "later approved for Flex-time as an accommodation" (Paragraph No. 24); and ultimately that you were "granted teleworking privileges after [you] sought approval from [Margaret] Aune." (Paragraph No. 25).

> **RESPONSE:**   None, other than the documents and materials produced responsive to other requests herein, are in Plaintiff's possession, custody, or control.

29.   All documents, reports, e-mails, and writings or notes of any kind in your possession, custody, control, or otherwise obtainable by you, which relate to the allegation in Paragraph No. 26 of your Complaint that, during "a Federal Audit by the USDOE," "[Dinh] Nguyen and [Matthew] Wiley were pressuring new hires, including [yourself], to sign off on PSES

documentation, as well as other reports, despite these new employees not being employed at the time the reports were written."

**RESPONSE:**   None, other than the documents and materials produced responsive to other requests herein, are in Plaintiff's possession, custody, or control.

30.   All documents, reports, e-mails, and writings or notes of any kind in your possession, custody, control, or otherwise obtainable by you, which relate to the allegations in Paragraph Nos. 29 and 30 of your Complaint that, "[o]n June 8, 2022, [Janet] Capps sent an email to [Matthew] Wiley, advising that [you] needed to complete documentation for the PSES which [you were] not properly trained to review and did not understand," and that your lack of training and understanding were "known to Defendant [USFBOT]." (Paragraph No. 29); and that, "on June 14, 2022, Capps sent a follow-up email to Wiley, insisting that [you] complete documentation for the PSES, which" you were not trained to review (Paragraph No. 30).
None, other than the documents and materials produced responsive to other requests herein, are in Plaintiff's possession, custody, or control.
**RESPONSE:**

31.   All documents, reports, e-mails, and writings or notes of any kind in your possession, custody, control, or otherwise obtainable by you, which relate to the allegations in Paragraph No. 37 of your Complaint that, "[o]n June 16, 2022, [Matthew] Wiley was late arriving to work and missed a previously scheduled meeting"; that such "behavior was typical for Wiley"; and that Wiley "went unreprimanded[ for his behavior], whereas African American employees would be disciplined for doing this."

**RESPONSE:**   None, other than the documents and materials produced responsive to other requests herein, are in Plaintiff's possession, custody, or control.

32.   All documents, reports, e-mails, and writings or notes of any kind in your possession, custody, control, or otherwise obtainable by you, which relate to the allegations in Paragraph No. 40 of your Complaint that you were "wrongfully terminated days after renewing [your] employment contract," and "that the real reason [you were] terminated was not legitimate," but rather "used as a cover-up for race discrimination, retaliation against [you] for [you]r reporting of race discrimination[,] and for participating in whistleblowing activities."

**RESPONSE:**   None, other than the documents and materials produced responsive to other requests herein, are in Plaintiff's possession, custody, or control.

33.   All documents, reports, e-mails, and writings or notes of any kind in your possession, custody, control, or otherwise obtainable by you, which relate to the allegation in Paragraph No. 40 of your Complaint that you were "told [your termination] was due to [your] recent poor work ethic, but that there was 'no cause' and [you] could be considered for re-employment."

**RESPONSE:**   None, other than the documents and materials produced responsive to other requests herein, are in Plaintiff's possession, custody, or control.

34.   All documents, reports, e-mails, and writings or notes of any kind in your possession, custody, control, or otherwise obtainable by you, which relate to the allegation in Paragraph No. 41 of your Complaint that "clearly, [your] participation in a whistle blowing activity was at least in part a contributing factor to the treatment [you] received on the day [your employment] was terminated" by USFBOT.

**RESPONSE:**   None, other than the documents and materials produced responsive to other requests herein, are in Plaintiff's possession, custody, or control.

35.   All documents, reports, e-mails, and writings or notes of any kind in your possession, custody, control, or otherwise obtainable by you, which relate to the allegation in Paragraph No. 43 of your Complaint that, "[s]hortly before [you]r termination, [you] attempted to take a pay decrease for a separate position outside of [your] former department," but that your "application was not considered, despite assurances that [you] would be reappointed."

**RESPONSE:**   None, other than the documents and materials produced responsive to other requests herein, are in Plaintiff's possession, custody, or control.

36.   All documents, reports, e-mails, and writings or notes of any kind in your possession, custody, control, or otherwise obtainable by you, which relate to the allegation in Count I of your Complaint, that Defendant USFBOT "treated [you] differently than similarly situated employees of Defendant[ USFBOT] who are white," and that Defendant USFBOT "subject[ed you] to hostility and poor treatment on the basis, at least in part, of [your] race."

**RESPONSE:**   None, other than the documents and materials produced responsive to other requests herein, are in Plaintiff's possession, custody, or control.

37.   All documents, reports, e-mails, and writings or notes of any kind in your possession, custody, control, or otherwise obtainable by you, which relate to the allegation in Count I of your Complaint that "Defendant [USFBOT]. . . controlled the actions and inactions of the persons making decisions affecting" your employment, or "knew or should have known of these actions and inactions," but "failed to take prompt and adequate remedial action or took no action at all to prevent the abuses."

**RESPONSE:**   None, other than the documents and materials produced responsive to other requests herein, are in Plaintiff's possession, custody, or control.

38.   All documents, reports, e-mails, and writings or notes of any kind in your possession, custody, control, or otherwise obtainable by you, which relate to the allegation in Count I of your Complaint that "Defendant [USFBOT] knowingly condoned and ratified [your] differential treatment."

**RESPONSE:**   None, other than the documents and materials produced responsive to

other requests herein, are in Plaintiff's possession, custody, or control.

39. All documents, reports, e-mails, and writings or notes of any kind in your possession, custody, control, or otherwise obtainable by you, which relate to the allegation in Count II of your Complaint that you "reported and disclosed violations of rules, regulations and laws, and/or malfeasance, misfeasance and/or gross misconduct to persons both inside and outside of [your] normal chain of command, and to others having the authority to investigate, police, manage and otherwise remedy the violations of rules, regulations and laws that [you] reported."

    **RESPONSE:**    None, other than the documents and materials produced responsive to other requests herein, are in Plaintiff's possession, custody, or control.

40. All documents, reports, e-mails, and writings or notes of any kind in your possession, custody, control, or otherwise obtainable by you, which relate to the allegation in Count II of your Complaint that your "termination and not being hired into another department with Defendant [USFBOT] was causally related to [your] reporting violations of rules, regulations or laws, and/or [you]r reporting malfeasance, misfeasance or gross misconduct, and/or [you]r participating in investigations, hearings or other inquiries," and that "all employees within Defendant [USFBOT] who affected [your] employment adversely did so at least in part in retaliation against [you] for [you]r 'whistleblowing' activities."

    **RESPONSE:**    None, other than the documents and materials produced responsive to other requests herein, are in Plaintiff's possession, custody, or control.

41. All documents, reports, e-mails, and writings or notes of any kind in your possession, custody, control, or otherwise obtainable by you, which relate to the allegation in Count III of your Complaint that you "voiced opposition to unlawful employment practices during [your] employment with Defendant [USFBOT] and was the victim of retaliation thereafter," and that there was "a causal connection between [your] reporting of the unlawful employment practices and the adverse employment action" you attribute to Defendant USFBOT.

    **RESPONSE:**    None, other than the documents and materials produced responsive to other requests herein, are in Plaintiff's possession, custody, or control.

42. A copy of all electronic postings, text messages, instant messages, emails, electronic chat conversations, electronic postings, or wiki postings, and any corresponding attachments that in any way concern your employment with Defendant USFBOT, any activities by Defendant USFBOT which you claim were unlawful regarding your employment, and/or your claims for damages in this civil action.

    **RESPONSE:**    Please see attached (*Bates Nos. 052-067*): documents relating to relevant text message and email correspondence.

43. All documents and correspondence that reflect the content of electronic postings, text

messages, instant messages, emails, electronic chat communications, and any corresponding attachments that in any way concern your employment with Defendant USFBOT, any activities by Defendant USFBOT which you claim were unlawful regarding your employment, and/or your claims for damages in this civil action.

**RESPONSE:**   None, other than the documents and materials produced responsive to other requests herein, are in Plaintiff's possession, custody, or control.

44.   All documents establishing, evidencing, referring or relating to (whether substantiating or disputing) any damages you claim to have suffered as a result of the conduct you attribute to Defendant USFBOT.

**RESPONSE:**   None, other than the documents and materials produced responsive to other requests herein, are in Plaintiff's possession, custody, or control.

45.   Any and all medical and/or health care records pertaining to any treatment received pursuant to your claims for mental anguish and/or emotional pain and suffering, including, but not limited to, all documents provided to or received from hospitals, physicians, nurse practitioners, physician's assistants, therapists, psychiatrists, psychoanalysts, psychologists, licensed clinical social workers, licensed mental health counselors, other health care providers, and/or pharmacies; invoices; insurance information; prescription forms; x-rays; and progress notes, throughout the entirety of your employment with Defendant USFBOT. Alternatively, you can identify all hospitals, physicians, nurse practitioners, physician's assistants, therapists, psychiatrists, psychoanalysts, psychologists, licensed clinical social workers, licensed mental health counselors, other health care providers, and/or pharmacies and execute the attached authorization form and attach to your responses hereto.

**RESPONSE:**   There are no documents responsive to this request in Plaintiff's possession, custody, or control.

46.   All documents and correspondence reflecting your efforts to mitigate your damages since you were last employed by Defendant USFBOT, including but not limited to applications for employment, resumes, job advertisements, job offers, and communications regarding same.

**RESPONSE:**   Please see attached (*Bates Nos. 004-051*): documentation in Plaintiff's possession relating to applications for employment.

47.   All documents and correspondence reflecting earnings you have received, whether through employment, contract work or self-employment, since you were last employed by Defendant USFBOT, including, but not limited to, all paychecks stubs, W-2 forms, 1099 forms, 1040 forms, tax returns and wage reports.

**RESPONSE:**   There are no documents responsive to this request in Plaintiff's possession, custody, or control.

48.   To the extent not previously provided in response to any of the foregoing requests, all documents and correspondence proving the type, nature, temporal length, and amount of damages you seek in your Complaint.

      **RESPONSE:**   Objection –this request possibly seeks attorney work product and information protected by attorney-client privilege. Subject to and without waiving this objection, none other than the documents produced responsive to other requests herein.

49.   All documents and correspondence you relied upon in preparing your civil Complaint or Charge of Discrimination filed against either Defendant named in this civil action, or in answering Interrogatories propounded by either Defendant in this civil action.

      **RESPONSE:**   Objection –this request seeks attorney work product and information protected by attorney-client privilege. Subject to and without waiving this objection, none other than the documents produced responsive to other requests herein.

50.   To the extent not previously provided in response to any of the foregoing requests, all documents and correspondence that you believe support or might support the claims in your Complaint against Defendant USFBOT.

      **RESPONSE:**   Objection –this request seeks attorney work product and privilege mental impressions. Subject to and without waiving this objection, none other than the documents produced responsive to other requests herein.

51.   To the extent not previously provided to Defendant USFBOT, all documents, correspondence and other materials you produced in response to the Request for Production of Documents served by Defendant Florida Department of Education, on October 2, 2023.

      **RESPONSE:**   Please see attached (*Bates Nos. 001-531*): documents and materials produced responsive to the Request for Production of Documents served by Defendant Florida Department of Education, on October 2, 2023.

52.   Produce a fully-executed employment authorization form, which is attached hereto for signature, for each and every entity, facility, person, or employer of any nature other than Defendant USFBOT with which you have applied for employment or by which you have been employed since your separation from employment with Defendant USFBOT. Complete and attach the form to your responses.

      **RESPONSE:**   Plaintiff will not execute any release form permitting Defendant to contact Plaintiff's current employer.

Respectfully submitted,

/s/ Brian Finnerty
BRIAN FINNERTY, ESQ.
Florida Bar No.: 94647
MARIE A. MATTOX, P.A.
203 North Gadsden Street
Tallahassee, Florida 32301
Telephone: (850) 383-4800
brian.finnerty@mattoxlaw.com
linette.williams@mattoxlaw.com
michelle2@mattoxlaw.com [*for scheduling matters*]

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a notice of service of the foregoing has been submitted via electronic filing through the Florida Courts E-Filing Portal and as a courtesy by electronic mail this 20th day of November 2023 to:

Jadie Mims
Constangy, Brooks, Smith & Prophete, LLP
Post Office Box 41099
Jacksonville, Florida 323203
jmims@constangy.com

/s/ Brian Finnerty
Brian Finnerty, Esq.

12

**IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT,
IN AND FOR LEON COUNTY, FLORIDA**

**ERICA BRYANT,**

     Plaintiff,

**v.**                                  **CASE NO.: 2023-CA-001866**

**BOARD OF TRUSTEES FOR
THE UNIVERSITY OF SOUTH FLORIDA and
FLORIDA DEPARTMENT OF EDUCATION,**

     Defendants.

_____/

## <u>NOTICE OF SERVICE OF PLAINTIFF'S VERIFIED ANSWERS TO DEFENDANT BOARD OF TRUSTEES FOR THE UNIVERSITY OF SOUTH FLORIDA'S FIRST SET OF INTERROGATORIES</u>

Notice is hereby given that Plaintiff's Verified Answers to Defendant's First Set of Interrogatories have been furnished by electronic mail to counsel for Defendant, **Jadie Mims**, Constangy, Brooks, Smith & Prophete, LLP, Post Office Box 41099, Jacksonville, Florida 323203 at jmims@constangy.com on November 21, 2023.

Respectfully submitted,

_/s/ Brian Finnerty_
BRIAN FINNERTY, ESQ.
Florida Bar No.: 94647
MARIE A. MATTOX, P.A.
203 North Gadsden Street
Tallahassee, Florida 32301
Telephone: (850) 383-4800
brian.finnerty@mattoxlaw.com
linette.williams@mattoxlaw.com
michelle2@mattoxlaw.com [_for scheduling matters_]

ATTORNEYS FOR PLAINTIFF

Case 8:24-cv-00716-JSM-UAM   Document 1-2   Filed 03/21/24   Page 115 of 128 PageID 285

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT IN AND
FOR LEON COUNTY, FLORIDA

ERICA BRYANT,                                    CASE NO.: 2023-CA-001866

      Plaintiff,

v.

BOARD OF TRUSTEES FOR
THE UNIVERSITY OF SOUTH
FLORIDA and FLORIDA
DEPARTMENT OF EDUCATION,

      Defendant.

_____/

## DEFENDANT FLORIDA DEPARTMENT OF EDUCATION'S CERTIFICATE OF NON-OBJECTION IN COMPLIANCE WITH FLORIDA RULE OF CIVIL PROCEDURE 1.351 AND REQUEST FOR COPIES TO CO-DEFENDANT BOARD OF TRUSTEES FOR THE UNIVERSITY OF SOUTH FLORIDA

TO:    JADIE R. MIMS, ESQ.
        FL BAR NO.: 1002318
        jmims@constangy.com
        F. DAMON KITCHEN, ESQ.
        FL BAR NO.: 861634
        dkitchen@constangy.com
        CONSTANGY, BROOKS,
        SMITH & PROPHETE, LLP
        200 West Forsyth Street, Suite 1700
        Jacksonville, Florida 32202
        904-356-8900: Telephone
        904-356-8200: Facsimile
        Attorneys for Co-Defense

COMES NOW, Counsel for Defendant, FLORIDA DEPARTMENT OF EDUCATION, pursuant to Rule 1.351(b), Florida Rules of Civil Procedures, and does not object to the Co-Defendant, BOARD OF TRUSTEES FOR THE UNIVERSITY OF SOUTH FLORIDA'S Subpoena Duces Tecum without Deposition for the entities listed in Defendant's Prior Notice of Commanded Production of Documents served upon Counsel November 30, 2023. The ten (10)

day waiting period is hereby waived by Defendant, FLORIDA DEPARTMENT OF EDUCATION.

Further, Counsel for Defendant, FLORIDA DEPARTMENT OF EDUCATION requests that Co-Defense's Counsel provide Counsel with copies of any and all documents, materials or tangible items obtained pursuant to Co-Defendant, BOARD OF TRUSTEES FOR THE UNIVERSITY OF SOUTH FLORIDA'S Defendant's Prior Notice of Commanded Production of Documents dated November 30, 2023, as follows:

**Copy of all documents obtained from the following, as a result of the authorizations and/or subpoenas provided to Co-Defense:**

1. **The University of Phoenix, Inc.**
   **Attn: Employee Records Custodian**
   **c/o Corporation Service Company**
   **1201 Hays Street**
   **Tallahassee, Florida 32301-2525**

2. **ECMC Education, Inc.**
   **(f/k/a Zenith Education Group, Inc.)**
   **Attn: Employee Records Custodian – Everest University Online**
   **c/o Cogency Global Inc.**
   **115 North Calhoun Street, Suite 4**
   **Tallahassee, Florida 32301**

3. **Corinthian Colleges, Inc.**
   **Attn: Employee Records Custodian – Everest University Online**
   **c/o CT Corporation System**
   **1200 South Pine Island Road**
   **Plantation, Florida 33324**

4. **Citigroup, Inc.**
   **Attn: Employee Records Custodian**
   **c/o CT Corporation System**
   **1200 South Pine Island Road**
   **Plantation, Florida 33324**

5. **Collabera, LLC.**
   **Attn: Employee Records Custodian**
   **c/o Registered Agent Solutions, Inc.**
   **2894 Remington Green Lane, Suite A**
   **Tallahassee, Florida 32308**

6. **Garda USA, Inc.**
   **Attn: Employee Records Custodian**
   **c/o Corporate Creations Network, Inc.**
   **801 US Highway 1**
   **North Palm Beach, Florida 33408**

7. **Garda World Cashlink, LLC.**
   **Attn: Employee Records Custodian**
   **c/o CT Corporation System**
   **1200 South Pine Island Road**
   **Plantation, Florida 33324**

8. **The Spot Paint & Body**
   **Attn: Employee Records Custodian**
   **1120 Joes Road**
   **Tallahassee, Florida 32305**

9. **Florida Agricultural and Mechanical University**
   **Attn: Human Resources – Records Management**
   **Foote-Hiler Administration Center**
   **1700 Lee Hall Drive, Suite 211**
   **Tallahassee, Florida 32307**

10. **Haven for Healing Wellness and Restoration, LLC.**
    **Attn: Patient Medical Records**
    **c/o Brittany B. Payne Bruce, L.M.H.C. (Registered Agent)**
    **3488 Torchmark Lane**
    **Tallahassee, Florida 32308**

11. **Digestive Disease Clinic**
    **Attn: Patient Medical Records**
    **c/o Nicki Thomson, RN, Director of Operations and**
    **Clinical Services**
    **2400 Miccosukee Road**
    **Tallahassee, Florida 32308**

      **12. TLC Chiropractic, Inc.**
          **Attn: Gregory Scott Iseman, DC (Registered Agent)**
          **1524 Mitchell Avenue**
          **Tallahassee, Florida 32303**

      **13. Dr. Zinnah G. Holmes**
          **c/o Capital Health Plan, Inc.**
          **Attn: Patient Medical Records**
          **2140 Centerville Road**
          **Tallahassee, Florida 32308**

Defendant agrees to reimburse Co-Defense all reasonable fees for the copying charges incurred pursuant to this request.

Dated this 4th day of December, 2023.

               THOMPSON, CRAWFORD,
               BROWN & SMILEY, PA

               _____/s/ Thomas R. Thompson_____
               Thomas R. Thompson, Esquire
               FBN: 890596
               Mallory B. Brown, Esquire
               FBN: 124039
               Thompson Crawford,
               Brown & Smiley, P.A.
               1330 Thomasville Road
               Tallahassee, Florida 32303
               tom@tcslawfirm.net
               rebecca@tcslawfirm.net
               mallory@tcslawfirm.net
               Counsel for Defendant FDOE

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY certify that a true and correct copy of the foregoing has been sent by electronic communications to counsel of record this __4th__ day of December, 2023.


/s/ Thomas R. Thompson, Esq.

_____

Thomas R. Thompson, Esq.

Filing # 188755935 E-Filed 12/28/2023 10:48:43 AM

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT,
IN AND FOR LEON COUNTY,
FLORIDA

ERICA BRYANT,

       Plaintiff,

v.                                                                    CASE NO. 2023-CA-001866

BOARD OF TRUSTEES FOR THE
UNIVERSITY OF SOUTH FLORIDA and
FLORIDA DEPARTMENT OF EDUCATION,

       Defendants.

_____/

## ORDER TRANSFERRING VENUE

THIS CAUSE came before the Court on: (1) Defendant University of South Florida Board
of Trustees' ("USFBOT") Motion to Dismiss Plaintiff's Complaint for Improper Venue, Motion
to Dismiss Count II of Plaintiff's Complaint for Failure to State a Cause of Action, and Supporting
Memorandum of Law, filed on October 2, 2023; (2) Defendant USFBOT's Motion to Dismiss
Counts I and III Plaintiff's Complaint, and Supporting Memorandum of Law, filed on October 2,
2023; and (3) Defendant Florida Department of Education's ("FDOE") Motion to Dismiss
Plaintiff's Complaint, filed on October 2, 2023. The Court, having reviewed the aforementioned
documents, entertained arguments of counsel during a hearing noticed via Zoom videoconference
on December 13, 2023, and otherwise being fully informed in the premises, hereby **ORDERS
AND ADJUDGES** the following:

    1.    Pursuant to Fla. Stat. § 47.021, venue is proper in Leon County where Defendant,
Florida Department of Education, maintains its headquarters; however, pursuant to stipulation by
the parties which this Court hereby approves, the Leon County Clerk of Court is hereby directed
to transfer the case to the Thirteenth Judicial Circuit Court, in and for Hillsborough County,

Florida. Any service or other charges associated with such transfer shall be split evenly by the Defendants. As a result of this ruling, Defendant, USFBOT's Motion to Dismiss Plaintiff's Complaint for Improper Venue is hereby declared MOOT.

2.      All other Motions currently pending in the case will be transferred with the case file, and rescheduled for hearing before the Thirteenth Judicial Circuit Court, in and for Hillsborough County, Florida.

**DONE AND ORDERED** in Chambers, at Tallahassee, Leon County, Florida on this 28 day of December, 2023.

Honorable Angela C. Dempsey
Circuit Judge

cc:     All counsel of record

10516196v2

**IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA**

**ERICA BRYANT,**

     **Plaintiff,**

**v.**                                 **CASE NO.: 23-CA-1866**

**BOARD OF TRUSTEES FOR THE
UNIVERSITY OF SOUTH FLORIDA and
FLORIDA DEPARTMENT OF EDUCATION,**

     **Defendants.**

_____/

**<u>PLAINTIFF'S NOTICE OF CANCELLATION OF TAKING
DEPOSITIONS VIA ZOOM VIDEO-CONFERENCE</u>**

PLEASE TAKE NOTICE that the undersigned has cancelled the depositions

of the following persons on **January 22 and 23, 2024.**

**<u>January 22, 2024</u>**

| Deponent | Time |
| --- | --- |
| Amanda Meeks | 9:00 a.m. |
| Matthew Wiley | 10:30 a.m. |
| Dinh Nguyen | 11:30 a.m. |
| Casey Graham | 1:30 p.m. |
| Janet Capps | 3:00 p.m. |
| Calah Smith | 4:00 p.m. |

**Reporter:   For the Record- <u>VIA VIDEO-CONFERENCE ZOOM</u>**

**<u>January 23, 2024</u>**

| Deponent | Time |
|----------|------|
| Georgina Portillo | 9:00 a.m. |
| Alyssa Tovar | 10:00 a.m. |
| Jaqueline Hill | 11:00 a.m. |
| Shonda Goldsmith | 1:00 p.m. |
| Michelle Gaines | 2:00 p.m. |
| Melissa Ramsey | 3:00 p.m. |
| Casey Graham | 3:30 p.m. |
| Matthew Caldwell | 4:00 p.m. |
| Margaret Aune | 4:30 p.m. |

**Reporter:   For the Record- <u>VIA VIDEO-CONFERENCE ZOOM</u>**

Respectfully submitted,

 /s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
**MARIE A. MATTOX, P.A.**
203 North Gadsden Street
Tallahassee, Florida 32301
Primary Email: marie@mattoxlaw.com
Secondary Email: michelle@mattoxlaw.com
(850) 383-4800 (telephone)
(850) 383-4801 (facsimile)

ATTORNEY FOR PLAINTIFF

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Clerk via the Florida Courts e-Filing Portal only this 28th day of December 2023, which will send Notification of Electronic Filing to all counsel of record.

 /s/ Marie A. Mattox
Marie A. Mattox

cc:   For the Record

2



THE HONORABLE

# GWEN MARSHALL

CLERK OF THE CIRCUIT COURT AND COMPTROLLER

CLERK OF COURTS • COUNTY COMPTROLLER • AUDITOR • TREASURER • RECORDER

## CIVIL CUSTOMER ASSISTANCE DIVISION

December 29, 2023

HILLSBOROUGH COUNTY COURT CLERK COMPTROLLER
ATTN: CIRCUIT CIVIL
307 N MICHIGAN AVE
PLANT CITY, FL 33563

Re: 2023 CA 001866 – ERICA BRYANT VS. BOARD OF TRUSTEES ETC.

Dear Clerk:

In accordance with the order of this Court in the above-styled cause, enclosed is the original file along with a certified copy of the order of transfer.

☐ Also enclosed is a check in the amount of $.00 for the transfer fee.

☒ No transfer fee was received for forwarding.

Please receipt for the file on the enclosed copy of this letter and return to this office.

Sincerely,

GWEN MARSHALL
CLERK OF THE CIRCUIT COURT

BY: _Yolanda Smith_
DEPUTY CLERK

**WWW.CLERK.LEON.FL.US**

PHONE: 850.606.4150 • (FAMILY LAW) EXT: 4170 (CIRCUIT CIVIL);
EXT: 4110 (COUNTY CIVIL, SMALL CLAIMS, LANDLORD TENANT)
301 SOUTH MONROE STREET, #100 • TALLAHASSEE, FLORIDA 32301

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)          $ _____
☐ Return Receipt (electronic)        $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required           $ _____
☐ Adult Signature Restricted Delivery $ _____

Postage

*2023CA1866*
*Transfer*

Postmark
Here

*12/29/23*

7020 3160 0000 7901 7751

HILLSBOROUGH COUNTY COURT CLERK
COMPTROLLER
ATTN: CIRCUIT CIVIL
307 N MICHIGAN AVE
PLANT CITY, FL 33563

PS Form 3800, April 2015

# This Case has been Transferred
# to the Following County:
# <u>Hillsborough</u>

## Please Do Not Add Any New Pleadings to This Case, New Pleadings Must be Forwarded to the New Location.

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT IN AND
FOR LEON COUNTY, FLORIDA

ERICA BRYANT,                                    CASE NO.: 2023-CA-001866

       Plaintiff,

v.

BOARD OF TRUSTEES FOR
THE UNIVERSITY OF SOUTH
FLORIDA and FLORIDA
DEPARTMENT OF EDUCATION,

       Defendant.

_____/

### DEFENDANT FLORIDA DEPARTMENT OF EDUCATION'S
### NOTICE OF CANCELLATION OF
### IN-PERSON DEPOSITION OF PLAINTIFF

PLEASE TAKE NOTICE that the deposition of **PLAINTIFF, ERICA BRYANT** set at **9:00 a.m. EST**, **Thursday, January 4, 2024,** before **For the Record Corut Reporting**, **located at 1500 Mahan Drive, Suite 140, Tallahassee, Florida 32308,** has been **CANCELLED and WILL BE RESCHEDULED AT A LATER DATE**.

DATED this 2nd day of January, 2024.

THOMPSON, CRAWFORD,
BROWN & SMILEY, PA

*/s/ Thomas R. Thompson*

_____
THOMAS R. THOMPSON, ESQUIRE
FLORIDA BAR NO. 890596
1330 Thomasville Road
Tallahassee, FL 32303
(850) 386-5777
Fax: (850) 386-8507
tom@tcslawfirm.net
rebecca@tcslawfirm.net
ATTORNEY FOR DEFENDANT FDOE

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing has been furnished by Electronic Filling

to all counsel of record on this 2nd day of January, 2024.

/s/Thomas R. Thompson

_____

Thomas R. Thompson, Esq.

cc: For the Record Court Reporting