UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERICA BRYANT,

    Plaintiff,

v.                                               Case No: 8:24-cv-716-JSM-UAM

BOARD OF TRUSTEES FOR THE
UNIVERSITY OF SOUTH FLORIDA
and FLORIDA DEPARTMENT OF
EDUCATION,

    Defendants.

## ORDER

THIS CAUSE comes before the Court on Defendants' Motions to Dismiss (Dkts. 12, 15) and the respective responses in opposition and replies. The Court, having reviewed the relevant filings and being otherwise advised in the premises, concludes that the motions should be granted to the extent that the federal claims should be dismissed with prejudice because they were not timely filed. The Court declines to exercise supplemental jurisdiction over the remaining Florida claims and remands the case to state court where it was originally filed.

## BACKGROUND

Plaintiff Erica Bryant alleges, among other things, that Defendants Board of Trustees for the University of South Florida and Florida Department of Education subjected her to unlawful race discrimination in violation of Title VII of the Civil Rights Act. The case was originally filed in Florida state court alleging only Florida claims under

the Florida Whistleblower Act and the Florida Civil Rights Act. Defendants removed the action to this Court after Plaintiff amended her complaint to add the federal Title VII claims.

Defendants' motions to dismiss argue, in relevant part, that it is undisputed that Plaintiff failed to timely file her Title VII claims. As such, she cannot state a claim under Title VII and the claims should be dismissed with prejudice under Federal Rule of Civil Procedure 12(b)(6). After reviewing the relevant filings and applicable case law, the Court agrees with Defendants.

## **MOTION TO DISMISS STANDARD**

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim on which relief can be granted. When reviewing a motion to dismiss, courts must limit their consideration to the well-pleaded allegations, documents central to or referred to in the complaint, and matters judicially noticed. *See La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (internal citations omitted); *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). Courts must accept all factual allegations as true and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93–94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007).

Legal conclusions, however, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). In fact, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a complaint must instead contain sufficient factual matter, accepted as true, to

"state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citations omitted). This plausibility standard is met when the plaintiff pleads enough factual content to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citations omitted).

## DISCUSSION

Defendants argue that Plaintiff's Title VII claims should be dismissed as untimely, because they were not brought within ninety days of the date her counsel actually received the EEOC's Determination and Notice of Rights letter. Under 42 U.S.C. § 2000e-5(b), if the EEOC determines after an investigation "that there is not reasonable cause to believe that the charge is true, it shall dismiss the charge and promptly notify" the employee. After receiving a notice of dismissal from the EEOC, the employee under 42 U.S.C. § 2000e-5(f)(1) must sue the employer within ninety days. The employee bears "the initial burden of establishing that he filed his Complaint within ninety days of his receipt of the EEOC's right-to-sue letter," and "[o]nce the defendant contests this issue, the plaintiff has the burden of establishing that he met the ninety day filing requirement." *Green v. Union Foundry Co.*, 281 F.3d 1229, 1233–34 (11th Cir. 2002) (internal citations omitted).

Nothing suggests that a "plaintiff should enjoy a manipulable open-ended time extension which could render the statutory minimum meaningless." *Zillyette v. Capital One Fin. Corp.*, 179 F.3d 1337, 1340 (11th Cir. 1999). Administrative exhaustion requires a plaintiff to "assume some minimum responsibility in resolving their claims." *Zillyette*, 179 F.3d at 1340. However, a claimant incurs responsibility "without conditioning a claimant's right to sue under Title VII on fortuitous circumstances or events

3

beyond his control which are not spelled out in the statute." *Id.* (internal quotations omitted).

Of course, an "unexplained failure to visit a post office box for a long period of time might result in a" time-barred claim, *Id.* at 1341 n.3 (citing *Sousa v. NLRB*, 817 F.2d 10, 11 (2d Cir. 1987)), even if, as in some instances, some delinquency is attributable to coordination with a third party. *See, e.g.*, *Law v. Hercules, Inc.*, 713 F.2d 691 (11th Cir. 1983) (dismissing a suit as untimely because the plaintiff's son procured a notice of right to sue at the plaintiff's direction and placed the letter in a common area); *Bell v. Eagle Motor Lines, Inc.*, 693 F.2d 1086 (11th Cir. 1982) (finding the plaintiff's claim time-barred because, after the plaintiff's wife received the letter at a residence shared with the plaintiff, the plaintiff failed to timely sue). But if a plaintiff does not receive notice "through no fault of his or her own or because of circumstances beyond his or her control, ... the time must begin to run from the time of actual receipt." *Zillyette*, 179 F.3d at 1340–41.

Here, the EEOC issued the applicable Determination and Notice of Rights on April 6, 2023.[1] It is undisputed that the EEOC sent a copy of its right-to-sue letter to Plaintiff's

---

[1] The Court may consider the related EEOC documents without converting the motion into a motion for summary judgment only if those documents are (1) central to the plaintiff's claim and (2) undisputed, meaning that the authenticity of the documents are not challenged. It is bedrock law that the EEOC Charge of Discrimination and Notice of Right to Sue are central to the alleged Title VII violations. *See, e.g., Lambert v. Ala. Dept. of Youth Servs.,* 150 F. App'x 990, 991–92 (11th Cir.2005) (considering an EEOC charge of discrimination attached to a motion to dismiss in affirming the dismissal of plaintiff's Title VII claims); *Brooks v. CSX Transp., Inc.,* No. 3:09–cv–379–J–32HTS, 2009 WL 3208708, at *5 n. 6 (M.D. Fla. Sept.29, 2009) (finding that an undisputed EEOC Charge of Discrimination was central to the plaintiff's claims of racial and age discrimination and thus was properly considered by the court on a motion to dismiss); *E.E. O.C. v. Stock Bldg. Co.,* No. 205CV306FTM29DNF, 2006 WL 462596, at *1 n .1 (M.D. Fla. Feb. 27, 2006) (considering a charge of discrimination attached to the motion to dismiss).

counsel, Marie Mattox, via email to "Marie@Mattoxlaw.com," at 12:26 p.m. the same day. Despite receiving her right-to-sue letter on April 6, 2023, however, Plaintiff did not file suit on the Title VII claims now at issue until she filed her Amended Complaint on March 11, 2024—some 340 days later, and well beyond the 90-day deadline, which expired on July 5, 2023. As such, the Court agrees with Defendants that the Title VII claims are subject to dismissal. *See Santini v. Cleveland Clinic Florida*, 232 F.3d 823, 825 (11th Cir. 2000) ("Title VII ... actions may not be brought more than 90 days after a complainant has adequate notice that the EEOC has dismissed the Charge.").

Plaintiff's Response does not persuade the Court to rule otherwise. Plaintiff's counsel argues that she did not see the e-mail and that such communications from the EEOC are typically sent, not to her, but to her employee Joe Oldani. She further explains that she did not open the e-mail from the EEOC and also argues that there was nothing "special" about it to place her on notice. But this is no different than leaving a pile of envelopes unopened for days—here 340 days—and then arguing that they were never received. Accepting such an argument would render the 90-day requirement meaningless and open the door to similar arguments of unopened e-mails. There is no question that the e-mail was received regardless of whether counsel opened it. Also, both the Federal and Florida Rules of Civil Procedure deem an e-mail received when it is sent, not opened, so Plaintiff's arguments to the contrary are unpersuasive. *See* Fed. R. Civ. P. 5; FL ST GEN PRAC AND J ADMIN Rule 2.516.

In sum, Plaintiff asks this Court to ignore nearly all established precedent, and the clear language of Title VII, in allowing her to proceed on Title VII discrimination and

5

retaliation claims that she did not file until 340 days after her counsel received a right-to-sue letter from the EEOC. The Court will not oblige. Accordingly, the Title VII claims will be dismissed with prejudice and the remaining claims will be remanded to state court because the Court will not exercise supplemental jurisdiction at this early stage in the proceeding.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' Motions to Dismiss (Dkts. 12, 15) are granted to the extent stated herein.

2. Plaintiff's Title VII claims are dismissed with prejudice because they are untimely.

3. The Clerk of Court is directed to remand this action to the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, and provide that court with a copy of this Order.

4. The Clerk of Court is further directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida, this July 10, 2024.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record